STATE v. CLETUS (CLETIS) HOVIS, Appellant.—No. 39079.—183 S. W. (2d) 147.

Division Two, November 13, 1944.

*Melvin Englehart* for appellant.

*Roy McKittrick,* Attorney General, and *B. Richards Creech,* Assistant Attorney General, for respondent.

TIPTON, J.—This is an appeal from an order overruling appellant's motion to withdraw his plea of guilty to an information charging him with perjury.

The record shows that an information was filed on March 4, 1943, in the circuit court of Bollinger County, Missouri, charging the appellant with the crime of perjury. On September 6, 1943, the appellant pleaded guilty to the charge, and the court of its own motion made an order that the sheriff of that county forthwith take and convey the appellant to Farmington, Missouri, and place him in custody of the Superintendent of Hospital No. 4, for the purpose of examining him for his mental capacity, and that the Superintendent make a written report to the court.

On December 7, 1943, appellant filed his motion to withdraw his plea of guilty. A hearing was held on this motion on December 10, 1943, which the court overruled, and on that date sentenced appellant to two years imprisonment in the State Penitentiary which was commuted to Algoa Farms Intermediate Reformatory.

The conclusive evidence shows that there were numerous conferences between the prosecuting attorney and appellant and various members of appellant's family. Appellant testified that he was nineteen years of age; that he could not read or write; that the prosecuting attorney told him "if he would plead guilty, he would get an easy parole;" and if the prosecuting attorney had not promised him a parole he would not have pleaded guilty. Appellant stated that he was charged with having sworn to a lie. Mose Hovis, his father, and Miss Gladys Hovis and Mrs. Porter Dorsey, his sisters, all testified to discussions that took place between them, the appellant, and the prosecuting attorney.

relative to the criminal charge pending against the appellant, and all testified the prosecuting attorney said if appellant would plead guilty he would be paroled. Mrs. Dorsey testified that the prosecuting attorney expressly told her if the appellant would plead guilty he would receive a parole.

On direct examination, the prosecuting attorney denied that he ever promised the appellant or members of his family a parole, or that he would recommend a parole. His explanation of the conferences was as follows: ". . . in view of the fact that he was a young man and never had been in trouble before more than likely, if he entered a plea of guilty, the Parole Officer would make a favorable report on his parole; and, if he did, the Court would no doubt grant him a parole; that I never recommended a parole for anybody, but I wouldn't oppose a parole. I never opposed a parole, and I never have on a plea of guilty entered. I never have recommended a parole for anybody. I also called attention to the fact that he should let me know, because the State would be ready for trial. We had a nubber of witnesses, one of them in Kansas City would be necessary to be here at the trial; and that if he was paroled, if the Court granted him a parole, one of the conditions would be he should pay all of the costs, and that there was not any use for me subpoenaeing a lot of witnesses and running up a lot of costs, if he was going to enter a plea of guilty. Now, that all took place about last March, and Mr. Hovis and his mother came in and talked to me about it, and *they just seemed to think that I could grant a parole,* and I would tell them time and time again it was not within my power, and I talked and tried to get Mr. Kirkpatrick to explain to those folks I didn't have anything to do with a parole, that he had to enter a plea of guilty and be sentenced by the Court or have a trial and be found guilty before they could take up the parole. *I honestly believe that they think I can grant a parole right now, regardless of all my talk.* (Italics ours.) . . . I have told this defendant, as well as all other defendants if it was the first offense, he hadn't been in any trouble before and the Parole Officer recommended a parole, which he usually did for the first offenses, that he would be paroled."

On cross-examination, the prosecuting attorney testified: "A. . . . My opinion of this defendant is, your Honor, he is not mentally what he ought to be. I don't believe he even understands. . . . Yes. I have told him, in my opinion, he would get a parole."

"The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The law favors a trial on its merits.

Griffin v. State, 12 Ga. App. 615, 77 S. E. 1080; 2 Enc. P. & P. 777; 12 Cyc. 353.'' State v. Cochran, 332 Mo. 742, 60 S. W. (2d) 1.

Under the evidence in this record, there can be no doubt that this appellant believed that if he pleaded guilty he would get a parole. We think that he was lead to believe he would get a parole from the conversation he and the members of his family had with the prosecuting attorney. Appellant was uneducated, he could not read or write,—in fact, according to the prosecuting attorney, ''he is not mentally what he ought to be.'' The prosecuting attorney testified, ''I have told him, in my opinion, he would get a parole.'' The holding out of this false hope made his confession in open court involuntary.

We do not mean to say that we think the prosecuting attorney intentionally misled the appellant, but we do think that he was misled. The question before us is: was the appellant misled? ''It is immaterial whether the misleading was intentionally or unintentionally done. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty? While it may be true, as stated by the prosecuting attorney, that he did not in so many words tell defendant that if he would make a confession that he would be paroled, yet we think the statements made by the prosecutor to the defendant were such as did cause him to believe that he would be paroled if he entered a plea of guilty.'' State v. Dale, 282 Mo. 663, 222 S. W. 763.

Since we are of the opinion that the statements made by the prosecuting attorney to appellant did cause him to believe that he would be paroled if he entered a plea of guilty, the judgment should not be permitted to stand. ''The law is not composed of a series of snares and pitfalls for the unwary, neither does it favor what Judge Bliss terms 'snap judgments.' '' State v. Stephens, 71 Mo. 535, l. c. 536.

The judgment is reversed and the cause remanded. All concur.