THE STATE OF MISSOURI, RESPONDENT, v. CLAUDE CARLYLE BLATHERWICK, APPELLANT.—191 S. W. (2d) 1021.

St. Louis Court of Appeals. Opinion filed January 30, 1946.

*Milton F. Napier* for appellant.

*James W. Griffin,* Circuit Attorney, for respondent.

McCULLEN, J.—This is an appeal from an order overruling appellant's motion to withdraw his plea of guilty to a charge of petit larceny. The record shows that on April 12, 1945, an information was filed in the Circuit Court of the City of St. Louis charging the defendant, Claude Carlyle Blatherwick, with the crime of burglary in the second degree and larceny. On the same day the cause was duly assigned to Division 10 of said Circuit Court. On May 14, 1945, the defendant entered a plea of guilty to the charge of petit larceny and was sentenced to one year in the workhouse on that date.

After the plea of guilty, but prior to the sentence being imposed upon the defendant, the court, on the last mentioned date, heard the testimony and reports of three medical doctors, and the report of a fourth doctor, all of whom had examined the defendant personally. The reports and testimony of all the doctors were to the effect that the defendant was suffering from a form of schizophrenia, formerly called dementia precox. Each doctor expressed the opinion that it would be better for the defendant to be taken care of outside of a prison or workhouse and that he would thereby have a chance to become rehabilitated and restored to a normal condition; that incarceration in a prison would be harmful to him. At the con-

clusion of said medical evidence the court sentenced the defendant, as above stated, to one year in the workhouse, after which the court said: "The court understands there is to be an application for parole in this case."

Although there is nothing in the record before us to indicate when or why a parole was denied the defendant, it evidently was denied because, on June 1, 1945, defendant filed in said Circuit Court a motion for permission to withdraw his plea of guilty, to set aside the sentence, and to reinstate the cause on the docket, on the ground that said plea was entered "on the theory and assumption that a parole was to be granted," and that said "theory and assumption" were not consummated. On July 13, 1945, the court conducted a hearing on defendant's motion and heard oral statements by Milton F. Napier, attorney for the defendant, and oral statements by Thomas J. Burns, Assistant Circuit Attorney, with respect to what had occurred prior to and on May 14, 1945, leading up to defendant's plea of guilty on that date.

At said hearing on the motion herein the court also heard the report and testimony of Dr. H. B. Molholm, Medical Director of the Malcolm A. Bliss Psychopathic Hospital, which hospital is a part of the St. Louis City Hospital group. Dr. Molholm testified that as a private consultant he had examined the defendant on April 5, 1945, and had made a report thereon. Dr. Molholm also stated that he had seen the defendant at the Bliss Psychapathic Hospital on July 12, 1945, the day before the hearing on the motion herein. In substance, Dr. Molholm's testimony was similar to that of the other doctors. He gave it as his opinion that the defendant's type of mental case would have a better chance of improvement in his home environment than in an outside the home environment.

It appears from the evidence adduced at the hearing on July 13, 1945, that the defendant, after having been sent to the workhouse under his sentence of May 14, 1945, had been transferred to the Bliss Psychopathic Hospital on June 6, 1945, by the warden of the workhouse for the reason, as stated by the warden in a letter to Mr. Napier, defendant's attorney, that defendant "is not a subject for an institution of this kind." It also appears that a letter was sent by City Hospital Commissioner, Mr. F. M. Grogan, dated June 20, 1945, to the Judge of the Circuit Court, with a copy to the Circuit Attorney, urging the court to set aside the sentence of the defendant because, according to the letter, the defendant was "suffering a psychosis Schizophrenic in Type, which will necessitate a long period of hospitalization in a mental institution." The letter further urged the court to set aside the sentence "so that we may discharge him from the Bliss Hospital into the custody of his parents for transfer to his home city."

From the various oral statements made to the court by Mr. Napier, the defendant's attorney, and Mr. Burns, representing the State, it appears that the defendant's actions and conduct had been under investigation by the United States District Attorney's office in relation to a number of thefts of small amounts of money from various persons including army officers. It also appears that the defendant had been a United States Army officer and had been released from the army on April 10, 1944, at Houston, Texas. The chief reason for defendant's release from the army was "adult psychological maladjustment," according to a letter dated May 5, 1945, addressed to the Circuit Attorney of St. Louis by Norman G. Brennan, Major A. G. D., Adjutant in charge of Infantry, Replacement Training Center, Camp Roberts, California.

The defendant's attorney, during the course of the hearing on the motion herein, many times stated to the court that he felt and believed that he himself had erroneously assumed there would be a parole granted to his client, the defendant, immediately following the plea of guilty; that he was mistaken in this assumption and in advising the defendant to plead guilty on such an assumption; that looking back on the whole matter he could see that he had received no promise of a recommendation for a parole from the parole officer of the court; that he merely assumed there would be a parole, because the parole officer had not indicated anything to the contrary; that the defendant in pleading guilty "acted entirely and solely and only on the advice of his counsel; that it was his assumption and his theory that upon the presentation of the medical testimony, the record would be made up and that there would be a parole from this court."

From their respective oral statements to the court, it appears that defendant's attorney and Mr. Burns, the Assistant Circuit Attorney, had prior to the defendant's plea of guilty discussed at various times the probability of a parole in connection with a plea of guilty by the defendant. Mr. Burns stated to the court that the defendant's attorney had apprised him that "it was very probable that a parole would be granted in this case," and that he, Mr. Burns, suggested that it was the policy of the Circuit Attorney's office to recommend a larger sentence under such conditions than there would be in cases where the full length of time would have to be served by the defendant; that they "finally agreed upon a year in order to keep the young man under surveillance of probation and under the jurisdiction of the court for as long a period as possible . . ." It also appears from the oral statements made to the court by both counsel that a number of defendant's relatives, including his mother and father, had come to St. Louis from their home in Texas and had discussed with Mr. Griffin, the Circuit Attorney, the matter of the disposition of the defendant's case.

A letter dated May 19, 1945, from David L. Lamb, who was named as the prosecuting witness in the Burglary and Larceny charge against the defendant, was introduced in evidence at the hearing on the motion herein. It was addressed to the Judge of the Circuit Court and expressed the hope and wish of the sender that the judge would parole the defendant.

The transcript of the testimony taken at the hearing on the motion herein, which includes the oral statements of counsel for both sides, to which we have referred, was not presented to this court until November 6, 1945, and was filed here on that date by leave of court. There was, however, filed in this court on October 17, 1945, what purports to be a transcript of the testimony and proceedings in the Circuit Court on May 14, 1945, at the time defendant entered his plea of guilty and was sentenced to one year in the workhouse. This last named document is neither signed nor certified to by anyone. However, it was introduced in evidence as an exhibit for the defendant at the hearing on the motion herein on July 13, 1945. Although said purported transcript is nowhere marked as an exhibit, we do not feel justified in disregarding its contents, for it appears on its face to be the transcript introduced at the hearing as an exhibit and no objection has been made to it, nor has any motion been filed to strike it out. That transcript contains the testimony and references to the reports of the doctors who examined the defendant on the dates heretofore shown.

At the conclusion of the hearing on July 13, 1945, the court took defendant's motion to set aside the plea of guilty as submitted, and on August 13, 1945, said motion was overruled; and on August 17, 1945, defendant was granted an appeal to this court.

We are not favored with a brief in this court by either side—the attorney for the defendant and the Circuit Attorney having filed a stipulation waiving the filing of briefs and agreeing that the appeal be considered on the transcript.

It will be observed that there is nothing in the record to show that the Court, the Circuit Attorney, or the parole officer, made any specific promise to the defendant or his attorney that a parole would be granted. It is obvious, however, from the very nature of the hearing at the time defendant entered his plea of guilty, as well as from the oral statements made to the court at the hearing on the motion herein by counsel for the defendant and counsel for the State, that counsel for the defendant mistakenly assumed, as he himself stated, that there would be a parole following the defendant's plea of guilty, and that acting under this mistaken assumption he advised the defendant to enter the plea of guilty, which was done.

It must be remembered that we are not attempting to determine whether the court did or did not have good grounds, or any grounds, for granting or refusing to grant the defendant a parole. Our func-

tion on this appeal is confined solely to determining whether the court erred in overruling the defendant's motion to withdraw his plea of guilty and to set aside the sentence thereon. The ground of the defendant's motion herein is not that he was entitled to a parol as a matter of right under the law, but that the defendant was induced through the erroneous assumptions of his counsel to plead guilty under the mistaken belief that the defendant would be paroled because of his mental condition, which was shown by the testimony and reports of the doctors who had examined him and reported their opinions before the plea of guilty was entered. It will be recalled that said doctors testified as to the defendant's mental condition immediately following the entry of defendant's plea of guilty on May 14, 1945, but before he was sentenced, and that at the conclusion of said medical testimony the court said he understood there was to be filed an application for a parole.

It is the settled and established law of this State that a plea of guilty on the part of one charged with a criminal offense should never be received unless it is freely and voluntarily made, and if it appears that the accused was misled or induced to plead guilty by fraud, mistake, misapprehension, fear, persuasion, or the holding out of hopes which proved to be false, he should be permitted to withdraw his plea. [State v. Cochran, 332 Mo. 742, 60 S. W. (2d) 1.]

It has also been held by our Supreme Court that an accused was entitled to withdraw his plea of guilty which was entered under misapprehension resulting from conversations with the prosecuting attorney that if he plead guilty he would be paroled, even though the prosecuting attorney did not intentionally mislead the accused. [State v. Hovis, 353 Mo. 602, 183 S. W. (2d) 147.]

In the Hovis case, *supra*, the court said:

"The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. *It should never be received unless it is freely and voluntarily made. . . . The law favors a trial on its merits."* [State v. Hovis, 353 Mo. 602, 183 S. W. (2d) 147, 148.] (Emphasis ours.)

In the case at bar there is no evidence whatsoever to show that anyone intentionally misled either the defendant or his counsel concerning the granting of a parole; nor is there any evidence to show false representations by anyone to induce the defendant to enter such a plea. Nevertheless, it is clear beyond question from the evidence showing the various conferences and discussions between counsel for the defendant and counsel for the State prior to and leading up to the defendant's plea of guilty, as well as from the nature of the hearing conducted by the court at the time the plea of guilty was entered, that the defendant's counsel assumed and believed that if the defendant entered a plea of guilty a parol would be granted by the court. Since the parole was not granted by the court, it follows

as a matter of justice that the defendant should be permitted to withdraw his plea of guilty and the sentence entered thereon should be set aside. The judgment of the Circuit Court is therefore reversed and the cause remanded with directions to said court to sustain defendant's motion, set aside the sentence, permit the defendant to withdraw his plea of guilty, and to reinstate the cause on the docket of the court.

*Hughes, P. J.,* and *Anderson, J.,* concur.