STATE v. H. E. REYNOLDS, Appellant.—No. 40069.—199 S. W. (2d) 399.

Division One, February 10, 1947.

1014

*Green & Green* for appellant.

*J. E. Taylor*, Attorney General, and *Drake Watson*, Assistant Attorney General, for respondent.

■■ DALTON, C.—Appellant entered a plea of guilty to a charge of manslaughter through culpable negligence. He has appealed from the judgment which fixed his punishment at two years imprisonment in the penitentiary.

The sole issue presented is whether the trial court abused its discretion in refusing to permit appellant to withdraw his plea of guilty.

The information was filed in the circuit court of Oregon County on November 18, 1944, but the cause went on change of venue to the circuit court of Shannon County and, ultimately came on for trial before Hon. Randolph H. Weber, Judge ■■■ of the 33rd Judicial Circuit, who had been called in as Special Judge to try the case.

Appellant was formally arraigned on March 8, 1946, entered a plea of guilty and made oral application for parole. After statements by counsel for the state and for appellant, the matter of assessing the punishment was passed until the afternoon of that day, when the punishment was fixed, as stated, and the application for parole was denied. Allocution was granted and judgment of sentence entered. Appellant then made an oral application to withdraw the plea of guilty, but the oral request was refused. Subsequently on the same day, on further oral application to the court to allow withdrawal of the plea of guilty and to reinstate the application for parole, allocution and judgment were set aside and the matter of the withdrawal of the plea was passed by agreement until May 13, 1946. The record further shows that it was agreed "by counsel for plaintiff and defendant that the court might cause investigation to be made in the matter." While the record does not expressly show that the oral application for parole was reinstated, it does show that, at the suggestion of counsel for appellant, the court requested the parole officer to make an investigation of the case. The investigation was made and a written report, dated May 3, 1946 was filed in the cause. The parole officer recommended that the parole be denied.

On May 13, 1946, appellant filed a written application for permission to withdraw his plea of guilty. The application was sworn to by

appellant and was further supported by the affidavit of one of his attorneys and the certificate of a physician. A hearing was had on the motion on the same day. Appellant did not testify, but the Court heard other evidence. At the close of the hearing, the Court denied the parole, and then stated: "It is my belief in this case and my opinion from the things I have heard, from the argument of the counsel and the investigation I have made, that this man voluntarily entered his plea of guilty and after finding out he could not get a parole, now he wants to withdraw his plea of guilty. . . . Let the record show the motion to withdraw the plea of guilty is overruled." Allocution was then granted, sentence was imposed and this appeal followed.

Although the record to some extent deals with extraneous issues, such as the guilt of the accused and the merits of his application for parole, we direct our attention solely to the issue presented for review, towit, whether the court abused its discretion in overruling appellant's application to withdraw his plea of guilty.

Appellant was about 32 years of age and resided near Kóshkonong, in Oregon County, with his wife and four small children. He was engaged in hauling ore for a mining company. On July 15, 1944, while operating a loaded truck along highway 19, near Alton, Missouri, his truck collided, head on, with an automobile driven by one Troy West. West was accompanied by his wife and several small children. Mrs. West was killed and two of the children were injured. Appellant was arrested and placed in jail and three charges were filed against him, towit, (1) manslaughter through culpable negligence in the operation of an automobile; (2) leaving the scene of an accident; and (3) operating an automobile while intoxicated. We are here concerned only with the first charge.

Appellant's verified application to withdraw his plea of guilty stated that he was involved in the above mentioned automobile collision; that he was arrested and placed in jail; that after charges were filed against him he employed attorneys, made bond and was released from custody; that, after certain continuances, changes of venue were taken from the county and from the judge; that long prior to his plea of guilty one of his attorneys "informed him that he believed he could obtain probation . . . if he would enter a plea of guilty to the charge of manslaughter" and that whether he would receive probation would depend upon the recommendation of the prosecuting attorney, and appellant would be advised. Later, his attorney informed him the prosecutor would not recommend probation, but if appellant would enter a plea of guilty to the ▮▮▮ charge of manslaughter and take a sentence of four years, the prosecuting attorney would recommend that appellant be paroled. Appellant was further advised by his attorney that both the then sheriff and the prior sheriff of the county would recommend a parole. Ap-

pellant stated that he did not feel that he was guilty of the charge against him or that he should serve any time for an offense he did not commit and, accordingly, he inquired of his attorney, whether the trial judge would follow the recommendation of the prosecuting attorney and other officers. He was advised that it was counsel's opinion that appellant would be paroled without question, and relying upon these statements of counsel and the statements of the officers to his counsel, he informed his counsel that he would enter a plea of guilty.

Appellant stated that the prosecuting witness advised him that he would not recommend a parole unless he received money for doing so. Appellant refused to pay and reported the matter to his attorney and was advised that appellant "would still receive a parole under the circumstances," regardless of the prosecuting witness. Appellant's counsel was later advised by the prosecuting attorney that the attitude of the prosecuting witness would not affect the parole or the prosecuting attorney's recommendation.

Appellant's application further contained a statement, supported by the physician's certificate, concerning appellant's health and physical condition. It was appellant's opinion that "he would not live if confined in a penitentiary or jail for any length of time."

Finally, appellant alleged that he "was misled into believing that he would receive a parole and thereby was caused to have false hopes of receiving a parole and was induced to enter such plea of guilty." On the facts stated, he asked that "his plea of guilty be set aside."

The supporting affidavit of appellant's attorney, stated certain facts concerning his employment and then said that affiant "believed it would be best for defendant and his family if defendant entered a plea of guilty and was paroled"; that he believed "that defendant if sentenced for any length of time might take his own life"; that appellant had "a valid legal defense to the charge against him" and, in the opinion of affiant would not be convicted by a jury; that it had been the custom of circuit judges to follow the recommendation of the prosecuting attorney, that affiant honestly believed appellant would be paroled and so advised appellant; and that, after the prosecuting witness demanded money and affiant had talked to the prosecuting attorney about that matter, affiant "was stronger in his belief that defendant would be paroled and insisted upon defendant entering such plea, although defendant had stated that he did not feel he was guilty under the decisions as read to him by his attorney."

At the hearing, appellant's counsel, H. D. Green, testified that, immediately after appellant was arrested, appellant employed the firm of Green and Green to represent him and paid them a fee of $2000; that appellant was then in a highly nervous condition, and so remained, and witness decided it would be best to enter a plea of guilty to manslaughter and obtain probation, if that was possible; that the matter

was explained to appellant and "it was satisfactory with him providing he could get probation"; that the prosecuting attorney refused to recommend probation, but said that if appellant "would enter a plea of guilty to the manslaughter charge he would agree to a four year sentence and parole"; and that, when witness learned that the present and former sheriff of the county would also recommend a parole, appellant was advised as to these facts and it was further explained to him "that he was entitled to a jury trial . . . that no one could tell, under the present law, whether he was or was not guilty of manslaughter through culpable negligence." Witness told appellant it was his opinion that, if appellant would enter a plea of guilty, he would be paroled; that it was the "custom in our part of the country for the court to follow the recommendation of the prosecuting attorney"; and that, while witness was not familiar with Judge Weber's practice, he was certain Judge Weber would follow the prosecuting attorney's recommendations. Appellant then agreed to enter the plea of guilty.

Witness was further influenced by his opinion that appellant was not physically able to go through a trial and might take his own life; and witness honestly believed appellant would receive a parole. Witness felt that he had induced appellant to plead guilty. According to witness, appellant had "a fair defense to the charge against him" and a jury would not likely give a penitentiary sentence. Because witness believed the parole would be granted, he told appellant what to do. Witness further stated: "I think Mr. Reynolds was misled and had false hopes or hopes that turned out to be false and I do not believe he would have entered a plea of guilty in this court had it not been for the recommendation of Mr. Gullic and other officers and my statement to him that in my opinion he would be paroled if he entered a plea of guilty."

The trial court questioned Hon. Percy W. Gullic, the prosecuting attorney, and was advised that that officer had made no promises other than that he would recommend a parole; that he had never solicited a plea in the case; that he had never assured the defendant or counsel that appellant would be paroled; and that he had never indicated to appellant or his counsel that he would talk to the court about what the court's action would be in the matter.

It clearly appears from the statements of both Mr. Green and Mr. Gullic that the recommendation for a parole was not made "to obtain the plea of guilty," but, in response to Mr. Green's inquiry, Mr. Gullic said that upon a plea of guilty he would recommend four years and a parole.

Appellant's counsel conceded that "the sheriff and former sheriff were in court and recommended a parole"; that the prosecuting attorney had made no promises to him other than that he would recommend a parole for appellant; and that the prosecuting attorney did in

fact recommend a sentence of four years and a parole. Appellant's counsel further stated in open court that "nobody has willfully misled Mr. Reynolds, but he has been misled innocently, misled through no falsity by his attorney or statements of officers in regard to his parole, but by the custom that has been advanced in this judicial circuit in following recommendations of the prosecuting attorney."

■ It is well settled that, after a defendant has entered a plea of guilty in a criminal case, he is not entitled, as a matter of right, to withdraw his plea. The matter rests within the sound discretion of the trial court and its decision will not be overthrown except for an abuse of judicial discretion. State v. Kellar, 332 Mo. 62, 55 S. W. (2d) 969, 971; State v. Jonagan, 311 Mo. 540, 278 S. W. 775; State v. Hamilton, 337 Mo. 460, 85 S. W. (2d) 35, 37; State v. Sublett, 318 Mo. 1142, 4 S. W. (2d) 463. Appellant so concedes, since his sole assignment of error is that the court abused its discretion in refusing to permit him to withdraw his plea of guilty.

Appellant further, in effect, recognizes the rule of law that, "if in a case of this nature there was a sharp issue of fact whether the defendant was misled, this court should observe the deference due to the judgment of the court below upon the evidence for and against the motion . . . " State v. Cochran, 332 Mo. 742, 60 S. W. (2d) 1, 3; State v. Rogers (Mo. Sup.), 285 S. W. 976, 978. Accordingly, appellant insists that "the evidence established *without question or contradition* that the defendant was misled, and induced to enter such plea by mistake, misapprehension, persuasion, and the holding out of hopes which proved to be false and ill founded." (Italics ours.)

■ The rules of law governing a case of this nature are well established. "A plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The law favors a trial on its merits." State v. Cochran, 332 Mo. 742, 60 S. W. (2d) 1, 2; State v. Hovis, 353 Mo. 602, 183 S. W. (2d) 147.

■ ■ It is also, well settled that courts should exercise a high degree of care in receiving pleas of guilty in criminal cases to see that defendants have not been misled and are not acting under any mistake or misapprehension in entering the pleas. Courts should further freely exercise discretion, in proper cases, to allow pleas of guilty to be withdrawn. State v. Stephens, 71 Mo. 535.

■ Appellant relies upon State v. Cochran, supra; State v. Hovis, supra; State v. Dale, 282 Mo. 663, 222 S. W. 763; State v. Stephens, supra; State v. Blatherwick (Mo. App.), 191 S. W. (2d) 1021.

In the Cochran case the prosecuting attorney and the attorney for one "active in the preparation of the indictment against appellant" were the first to suggest to appellant's counsel that a plea of guilty be entered and there was evidence of a clear misunderstanding between the attorneys, which misunderstanding was evidenced by other facts than their own testimony. The misunderstanding was "the true basis of appellant's mistake of fact and misapprehension of the penalty that his plea of guilty would bring to him." It further appeared that the prosecuting attorney's statment to the court at the time the plea was entered failed to measure up to what he, admittedly had agreed to do, and this court found that the assessment of the maximum instead of the minimum punishment was in part due to that failure. In that case the evidence of appellant's mistake and misapprehension was clear and, in its essentials, not disputed.

In the Hovis case from "conclusive evidence" and from the admitted facts, as testified to by the prosecuting attorney, this court reached the conclusion that "the statements made by the prosecutor to the defendant were such as did cause him to believe that he would be paroled if he entered a plea of guilty." (353 Mo. 602, 183 S. W. (2d) 147, 148.)

In the Dale case this court held that "the statements made by the prosecutor to the defendant were such as did cause him to believe that he would be paroled if he entered a plea of guilty." (282 Mo. 663, 222 S. W. 763, 764). The court further found that "defendant at the time of entering a plea of guilty was laboring under a misapprehension as to his rights and that he had been misled by the conversations which he had had with the prosecuting attorney." (282 Mo. 663, 222 S. W. 763, 764.)

In the Stephens case this court held "that the attorneys of the defendant, after the election of the special judge, and before he took his seat on the bench, had an interview with him, . . . and were led to believe, by the words and acts of the special judge, that if the defendant would plead guilty, he would receive the lowest punishment allowed by law; that this understanding was communicated to defendant, who thereupon pleaded guilty, but instead of the lowest, was awarded the highest punishment which the law prescribes." (71 Mo. 535.)

In the Blatherwick case the St. Louis Court of Appeals said: ". . . it is clear beyond question from the evidence showing the various conferences and discussions between counsel for the defendant and counsel for the State prior to and leading up to the defendant's plea of guilty, *as well as from the nature of the hearing conducted by the court at the time the plea of guilty was entered,* that the defendant's counsel assumed and believed that if the defendant entered a plea of guilty a parole would be granted by the court. Since the parole was not granted by the court, it follows as a matter of justice that

the defendant should be permitted to withdraw his plea of guilty and the sentence entered thereon should be set aside.'' (Italics ours.) (191 S. W. (2d) 1021, 1024.) In that case it appeared that, when the plea of guilty was entered and the hearing was held concerning defendant's mental condition, all parties, including the court, assumed that the parole would in fact be granted.

In each of the above cases, from undisputed facts, the appellate court found that a defendant's rights had been violated and that each defendant was entitled to withdraw his plea of guilty. We do not consider the cases controlling under the facts here presented.

In this case the prosecuting attorney did not solicit a plea or contact the appellant. Appellant acted upon the advice of competent counsel with full knowledge of the facts as they existed at the time his ▮▮▮ plea of guilty was entered. The plea of guilty was in no sense induced by threats, unkept promises or false representations of fact. Appellant's counsel gave no absolute assurance, but merely expressed his opinion and advised his client in accordance with his best judgment. Appellant fully understood and acted upon the advice, opinion and judgment of skilled counsel. At the time the advice was given it appears that both appellant and his counsel appreciated the seriousness of the situation in view of appellant's health and the gravity of the charges pending against him. This is evidenced by the amount of the attorney fees, as fixed and paid, the changes of venue from the county and the local circuit judge and other facts in evidence. It is clear from the record that appellant and his counsel knew that the court was not bound by the recommendations that were to be made by the prosecuting attorney and others; and that they knew the matter of punishment rested in the sound discretion of the trial court. Although, all may have believed the trial court would accept the recommendations they knew that he was not bound by the recommendations and was free to act otherwise. The fact that the trial court failed to accept the recommendations does not indicate that appellant was not skillfully represented, properly advised and his rights fully protected. He was fully advised concerning his right to a trial by jury and state of the law governing the charge against him. It is further apparent that the testimony of appellant's counsel does not fully support all of the statements contained in appellant's application and affidavit to withdraw the plea of guilty.

With full knowledge of the existing facts appellant chose, upon the advice of counsel, to take his chance on a plea of guilty, rather than to risk a trial before a jury. Not only did appellant and his counsel then know that the court was not bound by the recommendations to be made, but there was no evidence or suggestion that the court had committed itself in any way, or that appellant and his counsel believed the court had considered the matter of parole.

1022

The record does show that a civil suit, growing out of the automobile collision in question, was tried at the October term, 1945, in the circuit court of Butler County; that appellant, represented by his counsel, appeared and testified in that case; and that there was other testimony concerning the facts and circumstances out of which the criminal case arose. Apparently, the trial court felt that he was sufficiently advised concerning the true facts and circumstances to use his own judgment and discretion in fixing the punishment, independent of any recommendations of the prosecuting attorney and other officers, as the court had a perfect right to do.

In ruling appellant's motion the trial court did not act hastily, but gave a full hearing and reached the conclusion that the plea had been freely and voluntarily entered and that the request to withdraw the plea was based upon the denial of the parole.

Under the facts and circumstances shown by this record, appellant having chosen to plead guilty and throw himself upon the mercy of the court, and having lost, or at least being dissatisfied with the punishment, as fixed, is not now entitled to have his plea of guilty withdrawn. State v. Kellar, supra (332 Mo. 62, 55 S. W. (2d) 969, 974). The record fails to show an abuse of judicial discretion. The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur except *Douglas, J.,* who dissents.