**STATE of Missouri, Respondent,**

v.

**Dee Mitchell SMITH, Appellant.**

**No. 52278.**

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, J. L. Anding, Sp. Asst. Atty. Gen., Pacific, for respondent.

Charles Powell, Jr., Macon, for appellant.

DONNELLY, Judge.

An information filed in the Circuit Court of Macon County on December 13, 1965, charged defendant, Dee Mitchell Smith with statutory rape. Section 559.260, RSMo 1959, V.A.M.S. On February 16, 1966, defendant appeared with his attorney, Charles A. Powell, Jr., entered a plea of guilty to the charge, was sentenced to imprisonment for two years, applied for and was denied parole, and then sought to withdraw the plea of guilty.

In State v. Williams, Mo.Sup., 361 S.W. 2d 772, at 775, this Court stated: "We have said: 'The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The law favors a trial on its merits.' State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2; see also State v. Hare, 331 Mo. 707, 56 S.W.2d 141; State v. Harris, 336 Mo. 737, 81 S.W. 2d 319; State v. Hovis, 353 Mo. 602, 183 S.W.2d 147; State v. Blatherwick, 238 Mo. App. 1005, 191 S.W.2d 1021. A leading Missouri case is State v. Stephens, 71 Mo. 535, 536, in which it is said: 'Courts have always been accustomed to exercise a great degree of care in receiving pleas of guilty, in prosecutions for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like.' Thereafter in State v. Dale, 282 Mo. 663, 669, 222 S.W. 763, 764, this Court said: 'It is immaterial whether the misleading was intentionally or unintentionally done. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?'"

The record shows the following occurred on February 16, 1966: "State appears by Assistant Prosecuting Attorney, Defendant appears in person, in custody and by attorney, waives formal arraignment and enters plea of guilty to the charge of statutory rape as laid in the Information. ALLOCUTION being duly granted said defendant it is the judgment, order and sentence of the Court that in conformity with defendant's plea of guilty to the charge of statutory rape as laid in the information, Dee Mitchell Smith be conveyed to the State Penitentiary at Jefferson City, Missouri and there be confined for a period of two years under the supervision of the Department of Correction unless sooner released by lawful authority. Said defendant to be given credit on aforesaid sentence for all time spent in jail and other custody of the State. Sheriff allowed expense of one guard in transporting prisoner. Application of defendant for parole presented, duly signed by defendant and Assistant Prosecuting Attorney and by the Court denied. Oral application of defendant, by counsel, for leave to withdraw plea of guilty is considered by the Court and denied. Leave granted defendant to file written application to withdraw plea not later than twenty-four hours from this date or until 4 o'clock p. m. February 17, 1966. Defendant remanded to the custody of the Sheriff and Sheriff directed not to transport prisoner until determination of defendant's written motion to withdraw plea of guilty."

The transcript made at the time the plea was taken reads as follows:

"THE COURT: The defendant has waived formal arraignment. Do you wish

the matter set down for trial or what plea do you want to enter?

"MR. POWELL: We plead guilty, your Honor.

"THE COURT: All righty. Mr. Prosecutor, will you make a brief statement?

"MR. FOLEY: Yes, Judge.

"(The prosecutor makes a statement to the court.)

"(After the statement by the prosecutor the following proceedings were had:)

"THE COURT: At this time we'll take a recess.

"(After a recess, the court resumed and the following proceedings were had:)

"THE COURT: Gentlemen, is there anything further to be said in this case?

"MR. FOLEY: No, your Honor.

"THE COURT: What about you, Mr. Powell?

"MR. POWELL: I don't believe so.

"THE COURT: All right. Mr. Smith, you may stand. In conformity with your plea of guilty to the charge of statutory rape as relayed in the Information, it is the judgment, order and sentence of the court that you be confined to the state penitentiary at Jefferson City, Missouri and there be confined for a period of two years under the supervision of the Department of Corrections unless sooner released by lawful authority. The court will allow you credit on this sentence for the time that you spent in jail. You may be seated.

"MR. POWELL: You want to entertain our application for parole at this time?

"THE COURT: I never have refused to entertain one. If you want to make one, you may do so.

"The court has read the application for parole. Do you wish to be heard, Mr. Powell, on the application?

"(Comments were made by counsel for the defendant.)

"THE COURT: I think you said he didn't have any * * * Mr. Smith, your counsel is in my opinion undoubtedly extremely sincere in what he said to me in your behalf. Mr. Foley, assistant prosecuting attorney, has indicated that he approves your application for a parole. Being human, I would rather say yes than no, but it's my understanding that medically speaking, anyhow, there is no abnormality in you that is excused for the offense you committed. It was repeated and repeated and repeated. And I find myself unable to approve this application for parole. It will be denied. I remand you to the custody of the sheriff for transportation down to Jefferson City whenever it's convenient. Now I will allow you all credit for time you have spent in jail which should include the time you spent at Fulton."

On February 17, 1966, defendant filed a written motion to withdraw plea of guilty alleging that defendant has a defense on the merits to the charge and that defendant "was misled and misinformed prior to the entry of his plea of guilty respecting the disposition, treatment and sentence to be given him in event of the entry of such [guilty] plea." On February 25, 1966, a hearing was held by the trial court. The record made at the hearing reveals that no one promised defendant a parole. The trial judge did not, by actions or words, promise a parole. The Assistant Prosecuting Attorney did not promise a parole but promised to recommend a parole, and did recommend a parole when the plea was taken. Defendant's counsel did not promise defendant a parole but recommended that defendant enter a plea of guilty and expressed belief that a parole would be granted. The trial court, at the close of the hearing, accurately described the situation as follows: "We have a situation where this defendant was represented from the time of the preliminary hearing by an attorney, a competent attorney, an attorney who was Prosecuting Attorney of this

County for eight years. He has represented numerous defendants and all that sort of thing. There isn't any question of lack of education. This defendant may not be the most highly educated defendant to appear before this Court. He has had as much formal education as the average, probably, resident of Macon County has had. And, it's true, I think—I believe from what I've heard—that this defendant thought he was going to be paroled. That his sister thought he was going to be paroled; that Rev. Hargus thought he was going to be paroled; that the Prosecuting Attorney said that he would recommend parole, which he did, and that he thought he would be paroled. And, of course, the defendant's attorney testified to that and by the interest and industry he displayed thought he would be paroled."

The trial court, in denying defendant's motion, relied upon State v. Reynolds, 355 Mo. 1013, 199 S.W.2d 399, a case with somewhat similar facts. However, the Reynolds case is not applicable here. It was decided February 10, 1947, prior to January 1, 1953, the effective date of S.Ct.Rule 25.04, V.A.M.R., which states that the trial court "shall not accept * * * [a plea of guilty] without first determining that the plea is made voluntarily * * *." Rule 25.04 requires that *the trial court* make this determination at the time the plea is taken. The trial court was not obligated to follow the recommendation of the Assistant Prosecuting Attorney that a parole be granted. However, under the circumstances, it was the duty of the trial court to question defendant, to advise defendant that the court was not bound to accept the recommendation of the Assistant Prosecuting Attorney, and to ascertain that the plea was made freely and voluntarily. State v. Blaylock, Mo.Sup., 394 S.W.2d 364, 367; State v. Arnold, Mo. Sup., 419 S.W.2d 59.

There is nothing in the record made at the time the plea was accepted, or at the subsequent hearing, to indicate that this was done. Cf. State v. Harris, Mo.Sup., 382 S.W.2d 642, and State v. Good, Mo.Sup., 403

S.W.2d 594. We must conclude that what appears in the transcripts is not sufficient to show that *the trial court ascertained* that defendant understood the consequences of his plea of guilty when it was accepted. S.Ct.Rule 27.25, V.A.M.R., states that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The trial court, after the hearing, believed that "this defendant thought he was going to be paroled." The trial court could have ascertained defendant's state of mind when the plea of guilty was accepted, and at that time should have "pointedly disabused accused and his counsel of their preconceived ideas" with reference to a parole. State v. Good, supra. We hold that "manifest injustice" appears in the circumstances of this case and that defendant should be permitted to withdraw his plea of guilty and have a trial on the merits.

The judgment is reversed and the cause remanded.

All the Judges concur.