**STATE of Missouri, Respondent,**

v.

**Don ROACH, Appellant.**

**No. 54503.**

Supreme Court of Missouri, Division No. 1.

Dec. 8, 1969.

554

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Ronald L. Little, Poplar Bluff, for appellant.

HOUSER, Commissioner.

This is an appeal by Don Roach from a judgment entered on a plea of guilty con-

victing him of forgery, and from an order overruling defendant's motion to withdraw his plea of guilty.

Roach was charged with passing and uttering a forged and counterfeit check in the sum of $5 with intent to cheat and defraud.

On November 15, 1968 Roach appeared, before the circuit court, represented by his employed counsel. The circuit judge informed Roach that he stood charged by an information filed by the prosecuting attorney. After reading the information the judge asked Roach whether he understood the charge as read. Roach responded "Yes, sir." Asked if he had "any question about that charge" Roach answered "No, sir." Asked whether he pleaded guilty or not guilty to the charge as read Roach answered "I plead guilty." The prosecuting attorney then made a short statement of the facts and after indicating that he had checked Roach's record and had found only one conviction (for careless driving while drinking) recommended that defendant be placed on probation if restitution was made and the costs were paid. Roach's counsel, asked by the court if he had a statement to make, gave his understanding that restitution had been made and joined in the prosecuting attorney's recommendation that Roach be placed on probation. He stated that Roach had been ill for some time and had a drinking problem but that Roach had been able to work recently and "ha[d] pretty well solved the drinking problem." The court then turned to the defendant and said: "Mr. Roach, you have heard the statement made by [the prosecuting attorney] and your attorney, Mr. Little, is that correct?" Defendant answered, "Yes, sir." The court asked Roach if there was anything he wished "to add to those statements or any correction you need to make in the factual statements that have been made here?" Roach answered: "No, sir, only this, on paying the costs, as I say restitution has done been made, and on the costs I would like to be allowed a little time to pay that in because I am not able

to work steady on account of my heart condition." After ascertaining that Roach had not been in jail but had been out on bond the court accepted his plea of guilty and then referred the case to the state board of probation and parole for a pre-sentence investigation and postponed further action pending receipt of the report. The judge suggested that by the time the investigation was completed Roach might raise the costs, and if he should be placed on probation the court for good cause shown would grant time to pay the costs.

The pre-sentence investigation revealed that Roach had a criminal record extending back to October, 1939, when he was given a 2-year sentence to the intermediate reformatory for auto theft. He had been convicted in 1942 of burglary and larceny and sentenced to 6 months' imprisonment therefor; in 1946 of driving while intoxicated, resulting in a $50 fine; in 1948 of forgery for which he was sentenced to 10 years' probation, and released from a county jail in California after 6 months' imprisonment, on condition that he return to the State of Missouri; in 1949 of forgery and sentenced to 5 years' imprisonment; in 1955 of driving while intoxicated, resulting in a 6 months' jail sentence and in 1957 of drunk and reckless driving, resulting in a 10-day sentence. There were other arrests and one parole revocation. After going over this record with Roach the judge asked Roach's counsel, Mr. Little, if he had anything he wanted to say. Mr. Little made oral application for permission to withdraw the plea of guilty previously entered on the ground that the plea was entered "after a discussion with the Prosecuting Attorney in which he stated that he would recommend probation to the Court if a plea of guilty was entered and it has since that time come to my attention that the Defendant will probably not be eligible for probation. The Defendant entered the plea of guilty under the impression that probably he would get probation. Well, he entered the plea of guilty with the belief that he would be placed on probation if he did so." The court asked Mr. Little where he got that

belief, and Mr. Little answered, "Well, I am not sure, but from our discussion with the Prosecuting Attorney I advised him that the Court did not have to follow the Prosecuting Attorney's recommendation but normally in these cases that they do. I was not aware of his record at that time." The judge commented on the fact that the state did recommend probation and then, without further inquiry or explanation, granted allocution, sentenced Roach to 7 years' imprisonment and denied his application for probation. Roach's attorney filed a motion to set aside the judgment and sentence and for permission to withdraw the plea of guilty on the ground, among others, that "Defendant believes himself to be innocent of the charges as alleged against him and entered his plea of guilty because the prosecuting attorney recommended probation and defendant believed that the court would follow the recommendation of the prosecuting attorney." This appeal followed the overruling of the motion to set aside the judgment and withdraw the plea of guilty.

Appellant makes one point: that the court erred in accepting and in refusing to allow him to withdraw his plea of guilty because it was entered under the mistaken belief that he would be placed on probation without an explanation of the consequences of pleading guilty and without first determining that his plea of guilty was voluntarily made.

■ Criminal Rule 25.04, V.A.M.R., admonishes the trial courts of this state not to accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge."

On this record it is clear that defendant understood the nature of the charge. The information was read to him and he stated that he understood the charge as read. He was represented and advised by counsel of his own choosing who presumably knew and was under a duty to communicate to his client the nature of the charge. Defendant was no stranger to the charge of forgery. He had been twice charged and convicted of forgery, for which he had been sentenced to terms of 5 and 10 years' imprisonment.

Whether he was advised of the minimum and maximum sentences that could be imposed upon conviction is uncertain. The judgment entry, which recites that the range of punishment was fully explained to him, is contradicted by the transcript of the proceedings, in which no reference was made to the penalties which might be inflicted.

■ Assuming that accused was advised of the range of punishment, there remains the all-important question of voluntariness. A plea of guilty is a confession in open court. Such a confession should be received by the court with caution and only if freely and voluntarily made. State v. Williams, Mo.Sup., 361 S.W.2d 772, 775 [3]; Criminal Rule 25.04, supra.

■ If a plea of guilty is entered upon the mistaken belief or misapprehension that the accused will be granted probation his plea is not voluntary but is induced, and if probation is not granted and he is not permitted to withdraw his plea the accused has been dealt with unjustly. Before accepting a plea of guilty it is the duty of the trial court to ascertain that accused understands the consequences of his plea of guilty, and to satisfy himself that the accused has not been induced to enter the plea on the basis of false hope or ill-founded expectation of lenience. Among other things, it must be made clear to the accused that the court is not bound to accept the recommendations of the prosecuting attorney with reference to the amount of punishment or the matter of probation or parole; that it is within the power of the court to ignore all recommendations and impose whatever lawful punishment the court may deem appropriate, and to grant or withhold lenience, probation or parole as the court in its sole judgment may determine with or without regard to any suggestions, recommendations, promises or prior understandings.

Criminal Rule 25.04 requires that at the time the plea is taken the trial judge make a determination that the plea is made voluntarily. State v. Smith, Mo.Sup., 421 S.W.2d 501, 504. As in the Smith case, so in this case, " * * * it was the duty of the trial court to question defendant, to advise defendant that the court was not bound to accept the recommendation of the [prosecuting attorney], and to ascertain that the plea was made freely and voluntarily. State v. Blaylock, Mo.Sup., 394 S.W. 2d 364, 367; State v. Arnold, Mo.Sup., 419 S.W.2d 59." This requires an affirmative demonstration on the record. Mooney v. State, Mo.Sup., 433 S.W.2d 542, 544. "The transcript of the proceedings in the trial court at the time the plea of guilty is accepted should demonstrate a substantial compliance with the requirements of Rule 25.04. It can, and should, represent the best evidence available to show that a defendant's plea of guilty was made voluntarily with understanding of the nature of the charge." Drew v. State, Mo.Sup., 436 S.W.2d 727, 729 [5]. What appears in the transcript of the hearing at which the plea was accepted must be sufficient to show that the defendant understood the consequences of his plea of guilty. State v. Blaylock, Mo.Sup., 394 S.W.2d 364.

The transcript in this case does not affirmatively show that Roach understood or that court or counsel explained to him the consequences of a plea of guilty, or that he had a right to a jury trial, or that the court was not bound by the recommendation of the prosecuting attorney. The examination of Roach prior to the acceptance by the court of the plea of guilty was perfunctory, and "[a] perfunctory examination will not suffice." State v. Bursby, Mo.Sup., 395 S.W.2d 155, 159 [4]. The judgment entry formally recites that defendant "enter[ed] his voluntary plea of guilty" but the record must support the entry, and there is no basis in the record for the court's determination that the plea was voluntarily made. The requirement of the rule is not met by the routine entry of a finding of voluntariness.

This record indicates clearly that at the time he was arraigned Roach had reason to believe that he would be granted probation if he pleaded guilty. The prosecuting attorney had promised to recommend (and later did recommend) probation. Neither the officials nor Roach's attorney had then been apprised of his long criminal record. From the exchange between the court and accused the latter reasonably could have anticipated that he would receive probation. The tone and tenor of the remarks by the court indicated a favorable disposition to probation (remarks made before the judge learned the extent of the prisoner's prior criminal record). In the proceedings he was not "pointedly disabused" of his preconceived idea that he would receive probation. See and compare State v. Good, Mo.Sup., 403 S.W.2d 594. It is apparent that the accused entered a plea of guilty entertaining the belief that he would be granted probation. It was a mistaken belief. He was laboring under a misapprehension at the time he entered his plea. It would be unjust to hold him to his plea under the circumstances. Criminal Rule 27.25, V.A.M.R., provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea," and in such circumstances a motion for permission to withdraw the plea should be sustained. State v. Smith, supra; State v. Williams, supra, 361 S.W.2d 1. c. 775 [4]. The court should have exercised its discretion so as to allow defendant to withdraw his plea. State v. Smith, supra; State v. Arnold, Mo.Sup., 419 S.W.2d 59; State v. Blaylock, supra.

With becoming candor the Attorney General refers to and seeks to distinguish on the basis of effective date the cases of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but we rule the case before

us without regard to those cases (see Crego v. Missouri, Mo.Sup., 447 S.W.2d 550, handed down in Division 2 concurrently herewith), basing our decision upon the Missouri law.

The order overruling defendant's motion to set aside judgment and to withdraw his plea of guilty is reversed and the cause is remanded with directions to set aside the judgment of conviction and sentence, permit withdrawal of the plea of guilty and re-arraign defendant.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and HENLEY, Alternate Judge, concur.

STORCKMAN, J., not sitting.