Glen Ervin HUFFMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26367.

Missouri Court of Appeals, Kansas City District.

Sept. 4, 1973.

**566**

Robert F. Devoy, Brookfield, James J. Wheeler, Keytesville, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

This is an appeal from the denial of appellant's motion, filed under Rule 27.25, V. A.M.R., that a judgment of conviction of manslaughter by culpable negligence be set aside and that his plea of guilty thereto be withdrawn.

Appellant had originally been charged by information with first degree murder. On June 7, 1972, this information was amended to charge manslaughter by culpable negligence. On that date, the appellant waived formal arraignment, reading of the information, and entered a plea of guilty. He was at all times pertinent here represented by private counsel.

At that time, the trial judge advised the appellant of his rights against self-incrimination and that he could plead not guilty and require the state to prove the charge beyond a reasonable doubt but that by the guilty plea he waived those rights. The court then advised the appellant that he would have to ask questions to determine if the guilty plea was being made freely,

knowingly and voluntarily and that for this purpose the appellant would be placed under oath. The court advised him that he was not required to do this but the appellant indicated his willingness to proceed and was placed under oath.

Under questioning by the court, the appellant stated that he was thirty-two years of age, had graduated from twelfth grade, and could read and write. He stated that he had read the amended information; gone over it with his counsel and understood the charge. He understood that he had a right to trial by jury and was waiving that and his right against self-incrimination; that he had a right of appeal if convicted by trial; that he had a right to confront and cross-examine witnesses against him; that the court had the sole and independent discretion to determine the question of penalty and of probation or parole and did not have to follow any recommendations. He further testified that he had no complaints against any law enforcement officer or other officials; that he had not been promised anything in return for entering a plea of guilty including any promise of leniency or probation or parole; that he understood he could receive the maximum sentence of ten years; that the prosecutor had correctly stated the facts which he admitted; that he had advised his attorneys of his desire to plead guilty and was satisfied with their services in handling his case and had no complaints whatsoever about their representation and that he was entering his plea to the charge of manslaughter freely and voluntarily and under no threats or coercion.

The prosecutor, after stating the range of penalties applicable and the background facts of the charge, made a recommendation of a sentence of two years and probation. Appellant stated that he understood these matters and when the court asked if he were guilty of manslaughter by culpable negligence replied, "Carelessness, Your Honor, more so than . . . ." The court then said, "Carelessly with culpable

negligence . . . .", and the appellant replied, "Yes, sir."

The court accepted his plea and ordered a pre-sentence investigation.

On August 25, 1972, appellant appeared for sentencing and the appellant's attorneys and the prosecutor both spoke in behalf of the appellant and in favor of the prosecutor's recommendation. One of appellant's attorneys asserted that the appellant was pleading guilty only to a negligent and not an intentional act. The court asked if this were an attempt to equivocate on the plea, and the appellant replied in the negative. The court then sentenced appellant to ten years under the control of the Department of Corrections. Appellant immediately sought to withdraw his plea saying it was negotiated in the belief that the court would adopt the prosecutor's recommendation. The court denied this oral motion.

A formal Rule 27.25 motion was filed alleging in substance that the guilty plea was not voluntary in that the appellant had been induced to plead guilty by the statements of his attorneys and the prosecutor that the court would adopt the prosecutor's recommendation, that his plea had not been knowingly made as he never had the charge explained to him and that the sentence constituted manifest injustice as he never understood the specific act allegedly constituting culpable negligence and that the sentence was so grossly excessive as to constitute manifest injustice.

An evidentiary hearing was held August 30, 1972. At that time, Mr. James J. Wheeler, one of the appellant's attorneys, testified that about a month before the trial date he had met with Mr. Robert A. Bryant, the prosecutor. Mr. Bryant informed Mr. Wheeler of his willingness to reduce the charge against appellant from murder in the first degree to manslaughter by culpable negligence and recommend a sentence of two years and probation in return for appellant's plea of guilty. Mr. Wheeler conveyed this offer to the appellant, telling him he advised accepting the

arrangement as it was very likely the judge would accept the prosecutor's recommendation. He told appellant that the judge did not have to accept a recommendation by the prosecutor but felt it was unlikely that the court would not adopt the prosecutor's recommendation. He compared this latter possibility with the likelihood of appellant having "an accident on his return home" from the office.

Appellant did not accept this "deal" at first, but waited until a second meeting with his attorneys. At this second meeting, appellant's attorneys discussed the inconvenience and time-consumption that a trial would entail, and emphasized the strain on appellant's pregnant wife and the difficulty of obtaining character witnesses from out of state. The appellant decided to plead guilty after this discussion, whereupon the appellant and his attorneys met with the prosecutor.

The amended information was discussed at the meeting with the prosecutor and appellant's attorneys altered some of the information's wording so as to make it more acceptable to their client. They attempted to explain the charge to appellant by analogizing it to a case in which a man negligently drove his car in front of a train causing the death of his wife and himself. Then, the parties discussed the questions the judge would ask at the plea proceeding and the answers that should be given.

Mr. Wheeler testified that no promises were ever made to the appellant regarding the sentence he would receive. The appellant admitted that he had never been promised anything which was not delivered, though he also testified that he pleaded guilty only because he thought he would receive the sentence the prosecutor recommended. He further testified that he knew the charge would not have been reduced except on his plea of guilty.

A review of the record indicates that the trial court fully complied with the requirements of Rule 25.04 that the court determine that the plea was made voluntar-

ily with understanding of the nature of the charge. Moore v. State, 488 S.W.2d 266 (Mo.App. 1972); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. It is established that a defendant may not withdraw his plea of guilty as a matter of right under Rule 27.25. State v. Mountjoy, 420 S.W.2d 316 (Mo. 1967). After sentence a withdrawal of plea may only be permitted to correct manifest injustice. The burden is on the defendant to prove by the preponderance of the evidence that manifest injustice has resulted by the acceptance of the plea.

The appellant's points on appeal may be condensed into two specific complaints: (1) that his plea was induced by the misleading assurances of his counsel and the prosecutor, and (2) that he never understood the charge against him thereby making his plea faulty. We must reject these contentions.

Appellant cites in support of his first point a number of cases which may be distinguished from the present situation. He has cited on this the cases of State v. Hovis, 353 Mo. 602, 183 S.W.2d 147 (1944); State v. Blatherwick, 238 Mo.App. 1005, 191 S.W.2d 1021 (1946); and State v. Dale, 282 Mo. 663, 222 S.W. 763 (1920). These cases involved defendants who were mentally below average (Hovis, Blatherwick) or unrepresented by defense counsel (Hovis, Blatherwick, and Dale). Here, the appellant was a man of thirty-two years with a high school education and without any demonstrated mental illness or intellectual deficiency. Appellant was ably represented by two attorneys of long experience. As a consequence, these cases are not supportive of the appellant's position.

Likewise, the other cases relied on by the appellant may be distinguished. State v. Roach, 447 S.W.2d 553 (Mo. 1969) involved an instance where the trial judge had not complied with the requirements of Rule 25.04 and had given the defendant some verbal encouragement of his belief that he would receive probation when, in fact, his unrevealed past record prevented this result. There was a compliance with Rule 25.04 in the case before us, and no showing of any encouragement of appellant's erroneous belief by the court, but rather a vigorous attempt to disabuse the appellant of any such belief. State v. Good, 403 S.W.2d 594 (Mo. 1966). In State v. Rose, 440 S.W.2d 441 (Mo. 1969), relied upon by appellant, the Missouri Supreme Court distinguished between the sort of things deemed misleading and those which are not when it said that there was a difference between "specific assurances and opinion or speculation based upon general court practice" and that a plea may be withdrawn for a defendant who reasonably relies on the former.

In the record before us, there has been no claim that "specific assurances" were given, and in fact appellant testified he received no promises or guarantee of the outcome of this case.

Finally, appellant cites Doepke v. State, 465 S.W.2d 507 (Mo. 1971) and United States ex rel. Culbreath v. Rundle, 466 F. 2d 730 (3d Cir. 1972). Both are clearly distinguishable from the case before us. In Doepke, the result hinged upon the trial court's involvement in the plea bargaining which contributed to the defendant's entry of the plea. In Culbreath (a habeas corpus proceeding) in the underlying criminal proceeding the defendant sought to withdraw his guilty plea before sentence and, there also, the trial judge gave the impression of direct involvement in the plea bargaining.

More appropriate to the present case is the statement in Brown v. State, 485 S.W.2d 424 (Mo. 1972) where it was said, 1.c. 430:

". . . The failure of the trial court to follow the recommendations of the prosecuting attorney in this case does not indicate a 'manifest injustice'."

and in the case of Mick v. State, 487 S.W. 2d 452 (Mo. 1972) where it was said, 1.c. 454:

". . . A disappointed hope of a lesser sentence than that actually re-

ceived does not render a plea of guilty involuntary when the hope was not based upon positive representations upon which the defendant was entitled to rely."

In the instant case there were no "positive representations" but only strongly expressed opinions by counsel and the prosecutor, always offered with the *caveat* that the trial court did not have to adopt the prosecutor's recommendation.

■ The appellant's contention that he was induced to plead guilty involuntarily must be measured "in the light of the reasonableness of the claimed belief". Barylski v. State, 473 S.W.2d 399 (Mo.1971); Moore v. State, supra. A review of the record reveals appellant had no reasonable basis to believe that a lesser sentence than he ultimately received was assured.

■ The second contention on appeal by the appellant is that he never understood the charge against him. In light of the testimony at the Rule 27.25 evidentiary hearing by appellant's counsel that he and appellant had worked closely with the prosecutor to draft the amended information, and in light of appellant's assurance to the trial judge at the time of the plea proceeding, this complaint appears to be without merit. Appellant was represented by attorneys who stated that they had explained the charge to their client. There was no showing that appellant ever raised this supposed misunderstanding until after the assessment of the sentence. This will not support a conclusion that the trial court was "clearly erroneous" in finding appellant's plea was made knowingly and with understanding. State v. Roach, supra; Robinson v. State, 482 S.W.2d 492 (Mo. 1972); Delany v. State, 475 S.W.2d 102 (Mo. 1972).

While the sentence imposed herein was the maximum under the statute the appellant has not sustained his burden that it resulted in manifest injustice, Rule 27.25, and therefore the trial court's findings, conclu-

sions and judgment are not clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo. 1968).

The judgment is affirmed.