THE STATE v. FORREST C. COCHRAN, Appellant.—60 S. W. (2d) 1.

Division Two, April 20, 1933.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for appellant.

*Stratton Shartel,* Attorney-General and *Carl J. Otto,* Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—The question for decision in this case is whether the trial court erred in overruling appellant's motion to set aside the judgment and sentence imposed and for leave to withdraw his plea of guilty. Appellant was charged by indictment in the Circuit Court of Jackson County with embezzlement of $2,500 from the Women's Christian Association of Kansas City. He was arraigned and he pleaded not guilty on March 9, 1931.

After seven continuances and resettings of the case, appellant on

October 26, 1931, withdrew his plea of not guilty and entered a plea of guilty. The trial court deferred sentence until November 7, 1931, at the request of appellant who was in a poor state of health and desired to receive medical attention before he would go to the State prison to which he had cause to believe he would be committed. On November 7, the trial court indicated its intention to sentence appellant to five years' imprisonment in the penitentiary. This is the longest term authorized by law for the offense charged.

Appellant, having anticipated a sentence of but two years, asked the court to defer judgment until appellant could prepare and file a written formal motion for leave to withdraw his plea of guilty. The court refused to grant this permission, and, after allocution, it passed final judgment of five years' imprisonment. Appellant, on the same day, November 7, 1931, which was the last day of the term, filed a motion to set aside the judgment and for leave to withdraw the plea of guilty. The court had a hearing on this motion on November 21, and overruled it on November 28. Appellant thereupon was granted an appeal to this court.

■ I. In the recent case of State v. James William Kellar, *alias* Charles Harold Campbell, 332 Mo. 62, 55 S. W. (2d) 969, decided December 14, 1932, this court ruled that a defendant has not the absolute legal right to withdraw a plea of guilty before final judgment is entered and sentence pronounced. This is a matter that is within the discretion of the court. We, therefore, rule against appellant his first assignment of error, based on the refusal of the trial court to defer judgment and sentence until he could prepare a motion to withdraw the plea.

■ II. The allowance of appellant's motion to set aside the judgment and sentence and for leave to withdraw his plea of guilty rested in the sound discretion of the trial court. But we are of opinion that, upon the record before us, the court abused its discretion in overruling the motion. The leading case upon the question under examination is State v. Stephens, 71 Mo. 535, and we believe that its principles are applicable here. The trial judge there refused to sign the bill of exceptions, and the same was signed by three bystanders and proved by five affidavits. This court, in its opinion in that case said (71 Mo. l. c. 536) :

"Viewing the matter, then, in either light [namely what the bill of exceptions stated or what the trial judge certified as to the occurrences in court], we feel constrained to say that it would better have comported with the proper exercise of a sound judicial discretion, had the special judge permitted the withdrawal of the plea of guilty, and the entry, in its stead, of the usual plea. The law is not composed of a series of snares and pitfalls for the unwary, neither does it favor what Judge BLISS terms 'snap judgments.' [Henslee

v. Cannefax, 49 Mo. 295.] If these remarks apply in a civil case, then, *a fortiori*, they apply in a criminal prosecution, where the liberty of the prisoner is at stake.'' After reviewing the ancient authorities, this court further said in the Stephens case (71 Mo. l. c. 537):

''And, coming down to more modern authorities, and those more directly in point, we find that the court should freely exercise its discretion in proper cases, to allow the plea of guilty to be withdrawn, and that of not guilty to be entered in lieu thereof. And even where the defendant, after pleading guilty, has moved in arrest of judgment, and that motion overruled, should justice require, the court should permit, before judgment rendered, a withdrawal of the plea of guilty, and the substitution of the plea of not guilty. [1 Bish. Crim. Prac., sec. 465.]''

The guiding rules are that a plea of guilty is but a confession in open court. Like a confession out of court it should be received with caution. It should never be received unless it is freely and voluntarily made. ■ If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea. The law favors a trial on its merits. [Griffin v. State, 77 S. W. 1080, 2 Enc. P. & P. 777; 12 Cyc. 353.]

■ Appellant's motion to vacate the judgment and for leave to withdraw the plea of guilty and enter a plea of not guilty, stated that, during the pendency of the indictment against him, certain negotiations took place looking toward a disposition of the case and other similar charges pending, and that a representative and attorney of the Women's Christian Association in the capacity of the complaining witness made known to appellant through his attorney of record that it would be satisfied with a jail sentence; that thereupon appellant's attorney conferred with the prosecuting attorney who declared that he would not consent to a jail sentence punishment, but would be satisfied with a minimum sentence in the penitentiary of two years; that counsel for defendant then further conferred with the attorney for the Women's Christian Association who then and there advised counsel for appellant that if appellant would withdraw his plea of not guilty and enter a plea of guilty, that he, attorney for the Women's Christian Association, would recommend to the court as satisfactory to the Women's Christian Association a sentence of two years; that thereupon counsel for the Women's Christian Association and also for appellant advised the court of the nature of the negotiations and of appellant's expectation that a sentence of two years only would be assessed; that no attempt was made to obtain an agreement of the court to such sentence, neither

did the court indicate its unwillingness to conform to the suggested minimum sentence of two years.

Appellant assigned as reasons why the court should set aside the judgment and permit him to withdraw his plea of guilty: (1) At the time of the court's consideration of the sentence, after the plea of guilty had been entered, counsel for the Women's Christian Association did not advise the court definitely and distinctly that it recommended a minimum sentence of two years in the penitentiary, but left the matter to the discretion of the court, without definite and positive recommendation as had been agreed and which was a moving element inducing the appellant to withdraw his plea of not guilty and to enter a plea of guilty. (2) The prosecuting attorney did not advise the court that punishment of two years' imprisonment in the penitentiary would be satisfactory, in accordance with the negotiations leading up to and inducing appellant to withdraw his plea of not guilty, but that, on the contrary, the prosecuting attorney, at the hearing in the court preceding sentence, refused to make a recommendation or to indicate to the court with what penalty he would be satisfied, and placed the entire responsibility upon the court, solely and alone. (3) On account of the representations and assurances given to appellant by the attorney for the Women's Christian Association and by the prosecuting attorney prior to the hearing preceding sentence, appellant was misled and, in effect, trapped into withdrawing his plea of not guilty and entering a plea of guilty. (4) Appellant was advised by counsel that he had a good and meritorious defense to the indictment.

In these cases, the question for the trial court to determine is not whether in fact the defendant pleaded guilty in consideration of a promise by the prosecuting attorney or other officer of the State to recommend to the court a certain punishment. As this court said in State v. Dale, 282 Mo. 663, 222 S. W. 763, 1. c. 764: "The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty?" If in a case of this nature there was a sharp issue of fact whether the defendant was misled, this court should observe the deference due to the judgment of the court below upon the evidence for and against the motion to withdraw a plea of guilty. But in the instant case we are of opinion that the evidence of appellant's mistake and misapprehension is clear and, in its essentials, not disputed.

A weighty and undisputed fact is that Mr. Leslie J. Lyons, attorney for the Women's Christian Association, and active in the preparation of the indictment against appellant, and Mr. James R. Page, Prosecuting Attorney of Jackson County, during the proceedings here under review, each in turn inquired of Mr. Henry S. Conrad why his client, the appellant, did not plead guilty to one of the indictments. The prosecutors were the first to suggest a change

of appellant's plea. To each Mr. Conrad responded that he would not advise his client to plead guilty if a penitentiary sentence were to be the penalty. Mr. Conrad would favor a plea only in the event of an arrangement for a jail sentence. In the course of the negotiations, Mr. Conrad yielded to Mr. Page's insistence that the nature of the indictment precluded punishment by jail imprisonment. But Mr. Conrad testified he distinctly understood Mr. Page to say that he would be satisfied with the minimum penitentiary sentence which is two years. And with this understanding of the result of the conferences with Mr. Page in mind, Mr. Conrad reported to appellant the substance of his negotiations with Mr. Page and Mr. Lyons. Appellant, after considering the matter sometime, informed Mr. Conrad he would plead guilty and undergo the punishment of two years in State prison.

While Messrs. Page and Lyons could not dispute what passed between Mr. Conrad and appellant, because they were not present, it is inconceivable that appellant, once a leader in the banking world of Kansas City, would have pleaded guilty, if he did not anticipate a lesser punishment than the most severe penalty that the law imposed upon the offense charged. Another fact of import is that appellant, having pleaded guilty, asked through counsel that, on account of his state of health, sentence be deferred until November 7th, which was the last day of the term. Attorneys of standing and broad experience do not put off until that perilous last term day the entry of an agreed judgment unless they feel sure of the essentials of the judgment.

Mr. Lyons, attorney for the Women's Christian Association, and an aide in the prosecution of appellant, testifying at the hearing upon the motion to set aside the judgment, stated that Mr. Conrad's testimony concerning their conversations and negotiations leading up to the plea of guilty was as nearly accurate as Mr. Lyons himself could have stated them. Mr. Lyons at the hearing also expressed regret that there seemed to be some misunderstanding of his statement made in court prior to the imposition of the five-year sentence. Mr. Lyons further testified: "I intended then in perfect good faith to give Your Honor the impression and I think Your Honor got that impression, that I was recommending on behalf of my client, the Women's Christian Association, the minimum punishment. I thought that that was a substantial punishment. I believe so now; and I want, without any equivocation, to go on record as recommending to Your Honor two years' punishment upon Mr. Cochran's plea."

Mr. Page, the prosecuting attorney, testifying at the hearing upon the motion, stated: "Never at any time did I say anything which would be construed that I would be satisfied with the minimum sentence except when I said I would be satisfied with any sentence which this court imposed. That is all." But before sentence was passed, Mr. Page in open court said: "I am not making any recom-

mendations, and I am leaving it solely to the discretion of the court,'' a statement which falls short of the expression made at the hearing on the motion that he would be satisfied with any sentence which the court might impose.

The court, on its part, elicited from Mr. Lyons on the witness stand that, in a private conversation between the judge of the court and Mr. Lyons, before sentence was passed, the judge said ''that the amount of the penalty would depend entirely upon the attitude and the suggestions of those who were interested in the prosecution.'' And the record discloses that, when appellant pleaded guilty, the court, addressing Mr. Page, said that in view of his greater knowledge of the facts in the case, it would like to receive from Mr. Page some recommendations or suggestions as to what penalty should be imposed. Mr. Page declined to make any recommendations. And it is a fair inference that the maximum punishment which was assessed against appellant was due in part at least to this passing of responsibility.

The conflict between the testimony of Mr. Conrad and Mr. Page concerning their conferences does not raise acute and awkward questions of fact. Theirs was an obvious misunderstanding of the conclusions reached. And this misunderstanding between the attorneys is the true basis of appellant's mistake of fact and misapprehension of the penalty that his plea of guilty would bring to him. If the attorneys had understood each other aright, there would have been no ground for the motion that is under examination.

The State urges that the judgment should be affirmed upon the authority of the recent case of State v. Kellar, supra. But the facts in the two cases are so dissimilar that the Kellar case should have no weight here. Kellar was charged with murder in the first degree. When the case was called for trial, counsel for the defendant announced that defendant desired to withdraw his plea of not guilty and to enter a plea of guilty. A conference between counsel for the State and for the defendant and the judge of the court followed. At that conference, the State's attorneys said that they would ask for the death sentence if the defendant pleaded guilty. The judge of the court said that counsel for the defendant, by having him plead guilty, was placing a heavy burden on the judge, and the judge would rather have a jury pass upon the case. In the light of all these warnings, the defendant changed his plea to guilty and was sentenced to death. This court rightly affirmed the judgment. In the Kellar case there were no elements of mistake or misapprehension on the part of the defendant. In the instant case there is abundant proof of these grounds for a withdrawal of the plea of guilty.

In our opinion the ends of justice required that the judgment be reversed and that the cause be remanded with directions to the court below to sustain appellant's motion to set aside the judgment and

for leave to withdraw the plea of guilty. It is so ordered. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. *Ellison, P. J.,* and *Tipton, J.,* concur; *Leedy, J.,* not sitting.