**STATE of Missouri, Respondent,**

**v.**

**Leroy GOOD, Appellant.**

**No. 51831.**

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Donald R. Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

HOUSER, Commissioner.

Leroy Good appeals from the judgment of the Circuit Court of the City of St. Louis, Division No. 1, overruling his motion, filed under Criminal Rule 27.26, V.A.M.R., to vacate the judgments and sentences imposed in three cases.

On June 26, 1963 appellant was sentenced to three consecutive five-year terms in the penitentiary on three separate charges, two of which were statutory rape and one of which was sodomy. After he was confined in the penitentiary he filed this proceeding, alleging that he was sentenced in violation of state and federal constitutions and laws, for the reason that the sentences "are unjust, severe, arbitrary and amount to excessive punishment and that at the time he was sentenced he had been advised by his counsel of record * * * that he was to receive two years on each of said cases, said two-year sentences to run concurrently and not consecutively. * * * that this Petitioner was unable to understand and comprehend the meaning of the Court,

when, during the course of said sentencing, he was asked if he fully understood that the Court could sentence him to the full limit of the punishment as allowed by the statutes of the State of Missouri and that at the time of being so questioned by the Court he remained under the full idea and comprehension that he was to be sentenced to a sentence of two years concurrently on all three charges."

The circuit judge conducted a hearing on the motion on October 15, 1965. Appellant was present and was represented by counsel. Appellant testified, as did his former counsel, Mr. Curtis, who represented him when he entered his pleas of guilty. A transcript of the hearing of June 26, 1963 was introduced in evidence. Appellant originally pleaded not guilty. On the date last mentioned he and Mr. Curtis appeared in court, withdrew the pleas of not guilty and entered a plea of guilty to each of the three charges, whereupon counsel for the state recommended two years on each charge, to run concurrently, for a total of two years. The following then transpired:

"The Court: You understand that I'm not bound by that. You understand that Mr.—your name is Leroy Good?

"Mr. Good: Yes, Your Honor.

"The Court: You have been convicted on three prior occasions, is that correct?

"Mr. Good: Yes, sir.

"The Court: And you understand in the case here, No. 411–L, that you are charged with Statutory Rape? You understand that Mr. Curtis who has served as your attorney indicated that you wanted to enter a plea of guilty to that charge?

"Mr. Good: Yes, I told Mr. Curtis that.

"The Court: You did that of your own free will?

"Mr. Good: Yes, Your Honor."

The court then questioned appellant for some time and in considerable detail with respect to the facts in each of the three cases, and ascertained that in each case appellant had voluntarily authorized his attorney to plead guilty for him. Then the following occurred:

"The Court: You understand there has been no promise made to you of any kind or character?

"Mr. Good: No promise, never made any promise, no.

"The Court: You understand that you're entitled to trial by Jury in the event you see fit to have a jury trial?

"Mr. Good: I understand that, yes, sir.

"The Court: You understand that the Court is not bound to take any recommendation of the State?

"Mr. Good: Recommendation of the State?

"The Court: You understand that I'm not bound to take any recommendation of any kind or character?

"Mr. Good: Yes, sir.

"The Court: You understand that?

"Mr. Good: Yes, sir, I do, yes.

"The Court: I will not take the recommendation of the State in Cause No. 411–L. Is there any reason you should not be sentenced at this time.

"Mr. Curtis: No legal reason why he shouldn't be sentenced.

"The Court: All right. 411–L, on Indictment for Statutory Rape, the defendant will be sentenced to five years in the Missouri State Penitentiary.

"Any legal reason why you should not be sentenced in Cause No. 412–L?

"Mr. Good: No, Your Honor.

"The Court: Cause No. 412–L on the charge of Sodomy the defendant will be sentenced to five years in the Missouri State Penitentiary. Such sentence shall run consecutively to the sentence imposed in

Cause No. 411–L, and the total is ten years.

"Cause No. 413–L, any legal reason why you should not be sentenced?

"Mr. Good: No, Your Honor.

"The Court: The defendant will be sentenced to a term of five years in the Missouri State Penitentiary to run consecutively to the sentence heretofore imposed in 411–L and 412–L for a total of fifteen years. That's for the three cases.

"Do you want to make application for jail time?

"Mr. Curtis: Yes, Your Honor.

"The Court: Jail time will be allowed in the three matters. The Defendant will be ordered committed to the Department of Corrections for, to serve the sentences and be remanded to the custody of the Sheriff at this time.

"Mr. Good: Did I hear you correctly, Your Honor, Oh, please.

"The Court: Tell me what you thought you heard?

"Mr. Good: Did you say fifteen years in the Penitentiary?

"The Court: Yes, five, five and five.

"Mr. Good: Oh, Your Honor, please, sir.

"The Court: Remanded to the custody of the Sheriff.

"Mr. Good: Oh, oh. * * *"

At the hearing on October 15, 1965 appellant testified that while awaiting trial Mr. Curtis visited him at the jail and told him that the circuit attorney would recommend a two-year sentence in the penitentiary, to run concurrently on all three charges; that he entered a plea of guilty to these charges with that in mind, and that he thought he would receive and expected to receive a sentence on that basis, that is, two years on each charge, to run concurrently, and not consecutively, for a total of two years. He remembered and acknowledged the accuracy of the record of the questions and answers given at the hearing of June 26, 1963, including the fact that the judge had told him that he was not bound by the circuit attorney's recommendation of two years and that he had assured the court that no promises were being made for his plea of guilty. He conceded that he had made no objection after each five-year sentence was imposed, claiming that he had been thinking only of the two-year recommendation. He further claimed that prior to entering the pleas of guilty he was not informed by the court or by anyone acting for the court as to the range of punishment for charges of statutory rape and sodomy, and that he did not know exactly what maximum sentence he could receive.

Mr. Curtis on June 26, 1963 had been a member of the bar for one year. He testified that he advised appellant that the circuit attorney would recommend two years on each count, to run concurrently; that appellant "may have known" that the recommendation was not binding on the judge—that he so informed his client—but that based on his experience as a lawyer and what other lawyers had told him, he informed appellant that the recommendation of the circuit attorney was always accepted —that for all practical purposes the judge was sure to accept the recommendation. Mr. Curtis knew the range of punishment prior to the entry of the pleas but did not remember whether he told appellant the range of punishment. No objection was raised by Mr. Curtis at the time the three sentences were passed and he gave the court no reason why appellant should not be sentenced to five-year terms. After the sentences were passed, perhaps that afternoon, Mr. Curtis asked the judge to set aside the sentences so that not guilty pleas could be entered, but "it was too late." Mr. Curtis did not file a motion to set aside the sentences and withdraw the pleas of guilty, although he understood that the court had control over the sentences and

judgments for thirty days after entry of judgment.

There was in evidence a report to the circuit judge of an examination of appellant at a hospital, dated June 5, 1963, which stated: "Because of his age and the mild degree of organic brain damage, he is not a candidate for any extensive psychotherapy. However, under a certain amount of external controls, it is unlikely that he would repeat his actions with minors in the future as he has demonstrated in the past with these controls. Any form of long term institutionalization would be of no therapeutic benefit, nor would it serve to punish him nor to protect society."

On this appeal it is claimed that the court erred in failing to fully determine whether appellant knew the exact nature of the charges filed against him; whether appellant knew the full range of punishment that could be imposed for these charges, or whether appellant was proceeding under some misapprehension or mistake in entering the pleas. Appellant's theory is that he did not know and understand the consequences of his plea; that he was induced to plead guilty by the holding out of hope which proved to be false and that he is the victim of mistake and misapprehension. It is argued that appellant had less than an eighth grade education, some organic brain damage, and a striking personality trait that made it virtually impossible to obtain a direct yes or no answer from him; that when a court knows that a defendant pleading guilty is relying upon receiving a certain number of years of imprisonment the judge, in addition to notifying defendant that the court will not be bound by the recommendation, should tell defendant what the judge has in mind relative to a sentence, ask if he still wants to proceed on his plea of guilty or go to trial, and permit him to withdraw his plea of guilty and consult further with counsel as to further procedure.

■ The State contends that appellant's motion states no right to relief under Criminal Rule 27.26, V.A.M.R.; that this procedure may not be used in lieu of an appeal; that the proper procedure would have been to file a motion to vacate and set aside the judgment and sentence, and to appeal from an order overruling the same on the ground that the trial court abused its discretion, as was done in State v. Williams, Mo.Sup., 361 S.W.2d 772. In proceedings under Criminal Rule 27.26 this Court on many occasions has determined whether the defendant understood the consequences of his plea, State v. Bursby, Mo.Sup., 395 S.W. 2d 155, 159; State v. Blaylock, Mo.Sup., 394 S.W.2d 364, and whether the defendant was misled or under any misapprehension when he entered his plea of guilty, State v. Williams, Mo.Sup., 391 S.W.2d 227; State v. Waller, Mo.Sup., 382 S.W.2d 668; State v. Harris, Mo.Sup., 382 S.W.2d 642; State v. Richardson, Mo.Sup., 347 S.W.2d 165; State v. Freedman, Mo.Sup., 282 S.W.2d 576, and we will review these questions on this appeal.

■ Did appellant know the exact nature of the charges filed against him? Of this there can be no question. He testified that during the year 1963 he was indicted by the grand jury on three charges of sodomy, rape and statutory rape, and that he was duly arraigned and entered pleas of not guilty thereon. The charges must have been read to him when he was "duly arraigned." He was 68 or 69 years of age, and although he had less than an eighth grade education he had served in the Marine Corps in 1920, had been employed for years as a journeyman printer, and his responses to the questions asked indicate that he was intelligent and capable of understanding. Nor was appellant an uninformed novice in sex crimes. In 1950 he was convicted on a charge of rape and two charges of sodomy. He received three concurrent three-year sentences and served time in the penitentiary thereon. At the hearing of June 26, 1963 he was represented by a lawyer of his own choosing, who consulted with him while he was in jail. When he came before Judge Casey

on June 26, 1963 he was very carefully informed as to each of the three charges, and in each case was separately and thoroughly questioned by the judge as to the age and the race of the girl involved, the date and place of each offense, exactly what they did together and how they did it, in detail. At the hearing appellant testified that he pled guilty and admitted all of these offenses, stated to the court that there was no question of his guilt and said "I know I should be punished."

Did appellant know the full range of punishment that could be imposed for these charges? The record does not show that appellant was informed by the court of the minimum and maximum punishment that could be imposed on each charge and that the sentences could run concurrently or consecutively. We have said that it is the duty of the court to question the accused carefully to determine that he is fully informed and correctly understands these things, and that a perfunctory examination will not suffice. State v. Bursby, supra. Appellant, who had the burden of proving the invalidity of the sentences, State v. Warren, Mo.Sup., 344 S.W.2d 85, testified that he was never "informed *by the Court* or by anyone *acting on behalf of the Court,* as to the range of punishment for the charges of statutory rape and sodomy" and that he did not "exactly" know the maximum sentence possible. (Our italics.) He did not establish, however, that he was not informed by others or that he did not know that he could get as much as five years on each charge. He must have known that he could get at least three years for rape and sodomy, because he had received three-year sentences for these crimes in 1950. In Bursby the accused was sentenced without the benefit of counsel, whereas appellant Good had counsel of his own choosing at his side. Considering the experience of appellant in sex crimes, his previous convictions and incarceration in the penitentiary on charges of rape and sodomy, and the fact that he was represented by and had advised with his own lawyer,

who knew the range of punishment, we conclude that there was sufficient evidence upon which to base a finding that this appellant knew and understood that he could receive up to five years on each of the three charges, and that the sentences could be made to run consecutively, and we so find.

Was appellant proceeding under some misapprehension or mistake in entering the pleas? The law is clear that if an accused is misled or induced to plead guilty by mistake, misapprehension, persuasion, or the holding out of hopes which prove to be false or illfounded, he should be permitted to withdraw his plea. State v. Cochran, 332 Mo. 742, 60 S.W.2d 1, 2; State v. Williams, supra, 391 S.W.2d, l.c. 234, 235. Obviously, when appellant went before the court for sentencing he thought that he would receive three two-year sentences and that they would run concurrently. Clearly, appellant entertained an illfounded hope that he would receive the lesser sentence. Instead, as it turned out, he received three five-year sentences to run consecutively. Nevertheless, we find no mistake, misapprehension or holding out of false hopes in the legal sense requiring the trial court to permit the withdrawal of the pleas of guilty or requiring this Court to set aside the sentences and judgments.

Before sentence was passed accused and his attorney were not only given a reasonable opportunity to know and realize that they were mistaken in their belief that accused would receive a two-year sentence and that their belief was a misapprehension and a false and ill-founded hope, but also were expressly warned by the sentencing judge that a two-year sentence would *not* be meted out. This information was brought home to accused and his counsel in ample time to object and request leave to withdraw the pleas of guilty, but they did not object or make such request. After the pleas were entered and the judge had satisfied himself that accused knew what he was charged with and that the guilty pleas were voluntarily entered, the judge

next satisfied himself that no promises had been made to the accused to induce the pleas. For a second time he informed accused that the court was not bound to take the recommendation of the state. Then, referring to the first case, the judge positively stated "I will not take the recommendation of the State." The judge, having informed accused only a moment before this that accused was *entitled to a trial by jury if he wished,* asked if there was any reason why he should not be sentenced at that time. Instead of asking that the plea be withdrawn, which both accused and counsel might well have considered advisable in view of the announced attitude of the judge, accused's counsel stated that there was none, thereby indicating that accused was ready to submit to sentencing with the full knowledge that he would not receive a two-year sentence. A five-year sentence was imposed. Neither accused nor his counsel objected or requested remedial or dilatory action. The judge then granted allocution on the second case and, accused himself stating that there was no legal reason why sentence should not be pronounced, the judge issued a second five-year sentence and decreed that the second run consecutively to the first for a total of ten years. The accused and his counsel still stood silent. The judge then granted allocution on the third case and, no legal reason to the contrary having been advanced, issued a third five-year sentence, to run consecutively to the first two, for a total of fifteen years. From the transcript it may be inferred that accused could hardly believe his ears, but even then neither he nor his counsel objected, asked the court to reconsider, or made any affirmative effort whatever to rectify the situation. Not until later in the day, perhaps that afternoon, did Mr. Curtis ask the court to set aside the sentences.

■ Appellant was not entitled as a matter of right to withdraw his pleas of guilty. Whether a withdrawal of the pleas should have been allowed was a matter resting in the sound discretion of the trial judge. Appellant, citing State v. Kellar, 332 Mo. 62, 55 S.W.2d 969; State v. Jonagan, 311 Mo. 540, 278 S.W. 775; State v. Hamilton, 337 Mo. 460, 85 S.W.2d 35; State v. Sublett, 318 Mo. 1142, 4 S.W.2d 463, concedes that the trial court's decision on the question will not be overthrown except for an abuse of judicial discretion.

We find no abuse of discretion. A mature, experienced defendant, accompanied by an attorney of his own choosing, appeared before a judge who thoroughly, patiently and pointedly disabused accused and his counsel of their preconceived ideas with reference to the length of term of imprisonment he hoped to receive; in effect offered accused a jury trial even after pleas of guilty were entered, and positively stated that he would not assess the recommended punishment. With full knowledge that the judge would not give him three concurrent two-year sentences accused submitted to allocution and sentence three times without objection and without acting upon the judge's suggestion that he was entitled to trial by jury if he saw fit to have a jury trial. In these circumstances accused may not now complain that the judge did not follow the state's recommendation but assessed a more severe penalty than he had hoped for and anticipated at the time he entered the courtroom for sentencing. See State v. Freedman, Mo.Sup., 282 S.W. 2d 576, 581 [3].

■ There was no duty on the court, as claimed, to "tell defendant what the judge [had] in mind" as to the sentence he intended to impose. State v. Williams, supra, 361 S.W.2d, l.c. 774 [1]; State v. Bursby, supra, 395 S.W.2d, l.c. 159 [4].

The judgment is affirmed.

WELBORN, C., not sitting.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.