**342**

Olan L. **MORGAN**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 56120.

Supreme Court of Missouri, Division No. 1.

April 10, 1972.

Morley Johnson Vogel, Belton, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

This is an appeal by Olan L. Morgan from the trial court's judgment overruling his Rule 27.26 V.A.M.R., motion.

On June 26, 1969, Morgan pled guilty to an amended charge of robbery in the first degree (§ 560.120, V.A.M.S., 1969). The charge was brought pursuant to the Second Offender Act (§ 556.280) and alleged four prior felonies. The court sentenced him to thirty years in the Missouri Department of Corrections. Morgan was represented by counsel at the plea proceedings and throughout the post-conviction proceedings and on this appeal.

Movant's Rule 27.26 motion alleged ten grounds for relief. An evidentiary hearing was held at which movant appeared with counsel. The trial court made findings of fact resolving each of movant's points against movant and denied relief.

Movant asserts two points on appeal. The first point asserts that the trial court erred in not finding that, at the time movant pled guilty, he was under a misapprehension and had ill-founded hopes and had been induced to believe that the prosecutor would recommend a ten-year sentence to the court and that the court would follow that recommendation and that this constituted a violation of his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Art. I, § 10, of the Constitution of Missouri 1945, V.A.M.S.

Point two is that the court erred in failing to set aside the guilty plea for the same reasons as set forth in point one but additionally asserts that he "was under a *misapprehension* concerning the advisability of going to trial using his meritorious defenses, . . ."

The factual issues to which these two points are addressed concern the movant's contention that he was told that the prosecutor would recommend a ten-year sentence on a plea of guilty and thought the court would follow the recommendation and movant's contention that he was drunk or passed out in the car and did not know whether he helped rob the victims or not, and testimony by one of the robbers that movant was drunk and passed out in the car and did not go into the house or assist in robbing the occupants thereof.

The trial court entered the following findings, among others:

"The Court further finds that movant has alleged in his motion that he pled guilty because he was under the 'impression' that he was only going to receive ten years, which the Court finds not to be the fact; that the movant was precisely advised by this Court that the subject of his sentence was within the discretion of the Court; that movant's attorney also advised him that the Court was not bound by the recommendation of the Prosecuting Attorney.

"Movant alleges also, that he was too drunk to have committed the offense or was 'passed out' in the back seat of the car at the time. The Court finds that the movant was not intoxicated or passed out drunk in the back seat of the car at the time of the crime.

"The Court finds that no coercion or pressure was exerted on defendant to plead and his plea was unequivocal and voluntary; . . ."

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67.

Movant testified, "There was no one who persuaded me to enter this plea; the circumstances persuaded me; no individual." When asked what he meant by his allegation that he was misled and induced to plead guilty by the holding out of hopes which proved to be false or ill-founded, he replied, "I was in hopes of only receiving

ten years." Movant also testified he knew he had a right to jury trial if he wanted one and he knew that any recommendation made by the State was not binding on the court. Movant was asked, "Was it then, because you felt that—that the Court would follow his [prosecutor's] recommendation, that you pled?" Movant answered, "I did feel that more than likely he [the court] would follow his [prosecutor's] recommendation even though I knew he [the court] didn't have to. But, I knew I wouldn't stand much of a chance if I—if I didn't plead guilty. It was the only way I could hope to get less time, due to my past record."

The factor that distinguishes this case from cases cited by movant is that there was simply no misrepresentation made here. The movant clearly understood that the recommendation of ten years, which the prosecutor made, did not constitute assurance that the court would follow the recommendation; the movant admittedly knew that the court may not follow it; and the court and movant's attorney told him that the court did not have to follow it.

The trial court's findings were not clearly erroneous. The point is overruled.

■ Movant's second point is premised on his position that he was drunk and passed out in a car at the time of the robbery and, therefore, he couldn't have known what the facts of the robbery were and, consequently, his statement to the court at the time of the guilty plea that he had participated in the robbery was false. The "meritorious defense" he claims to have been deprived of by his plea of guilty and, therefore, no jury trial is that he was drunk and passed out at the time of the offense and, therefore, was not guilty and/or he did not participate in the offense at all.

The trial court found that defendant was not drunk or passed out at the time of the offense. There was testimony pro and con on the point. Movant was shot by one of

the arresting officers as he was fleeing from the car following a high-speed chase which took place shortly after the robbery. The arresting officers testified that items taken in the robbery were found in his pockets, and that he was not intoxicated when arrested nor was there any indication that he had been drinking.

The trial court's findings were not clearly erroneous. The point is overruled.

Judgment affirmed.

All of the Judges concur.