**STATE of Missouri, Respondent,**

**v.**

**Andre BONDS, Appellant.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

**No. 36267.**

March 11, 1975.

John C. Danforth, Atty. Gen., K. Preston Dean, III, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Allred, Jr., Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Richard A. Knutson, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Movant Andre Bonds appeals from the trial court's denial of his motions to withdraw a guilty plea and set aside a three-year sentence. (Rules 27.25 and 27.26, V. A.M.R.) We reverse and remand.

Bonds, an eighteen-year-old first-time offender, pleaded guilty to a charge of purse stealing. Before accepting his guilty plea the trial court determined that Bonds pleaded voluntarily and understood the nature of the charge against him, the trial rights he was relinquishing and the statutory range of punishment. The court did not ask whether he understood the trial court alone set sentences and was not bound by counsel's recommendations.

In view of Bonds' prior uneventful history, the assistant circuit attorney recommended a six-month sentence in the city workhouse. The court accepted Bonds' guilty plea and imposed a sentence of three years' imprisonment. Defense counsel immediately moved to withdraw the guilty plea, and that being denied later moved formally to set aside the sentence and withdraw the guilty plea on grounds both attorneys had assured Bonds he would get a six-month sentence. The court denied both motions.

At the hearing on the present post-conviction motions, the court summarily denied Bonds' motion that he be allowed to testify at his hearing; but both the prosecutor and defense counsel did testify in movant's favor.

The State's attorney testified Bonds so strongly wished to go to trial that he once

rejected the State's offer of suspended sentence. The prosecutor testified he knew Bonds uncle and asked him to pressure Bonds to plead guilty. Finally, after two discussions with his uncle, Bonds reluctantly agreed. The prosecutor testified, "I do feel that this young man pleaded guilty primarily because of the pressure that was brought to bear on him through his uncle." Although the prosecutor had not discussed Bond's proposed guilty plea with the trial court, he did testify his recommendations had never before been rejected in any of the many guilty pleas he had handled.

Defense counsel testified he had conferred with Bonds approximately twelve times before the case was assigned to trial and had continually advised him to accept the State's six-month recommendation. Nevertheless, Bonds refused until after the case was assigned for trial. Counsel also testified he once told Bonds the court would sentence him "as he sees fit." As noted, movant Bonds was not present in court either to refute or corroborate any element of either attorney's testimony.

Supreme Court Rule 25.04 states the trial court "shall not accept [a] plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." Although the rule does not require a perfect plea record, it does require that defendant understand the consequences of his plea. Burrell v. State, 461 S.W.2d 738 [2] (Mo. 1971), Winford v. State, 485 S.W.2d 43 [5] (Mo. banc 1972), Rule 27.26(j). Unless there is clear abuse of discretion, appellate courts defer to trial court's determinations that defendants pleaded voluntarily with understanding. Watson v. State, 475 S.W.2d 8 [1] (Mo.1972). Appellate courts uphold a guilty plea even in the face of non-compliance with Rule 25.04 if the evidence at the post-conviction hearing shows defendant pleaded voluntarily and with comprehension of the plea consequences. State v. Mountjoy, 420 S.W.2d 316 [4] (Mo.1967).

But the Supreme Court recognizes that sometimes entry of a guilty plea may not have been made "voluntarily with understanding." When a plea is equivocal, the trial court must not accept it. Rule 25.04, Doepke v. State, 465 S.W.2d 507, 512 (Mo.1971). And when accepting a guilty plea would constitute "manifest injustice" the court may permit its withdrawal even after sentence is pronounced. Rule 27.25, Huffman v. State, 499 S.W.2d 565 [3] (Mo.App.1973).

Missouri law requires that guilty pleas be accepted cautiously: "In essence, a plea of guilty is a confession in open court and like a confession made out of court, it should be received with caution and never so unless it is fully and voluntarily made with understanding of the nature of the charge." State v. Reese, 457 S.W.2d 713 [1, 2] (Mo. banc 1970), reversed on other grounds, 481 S.W.2d 497 (Mo. banc 1972). Deprivation of a defendant's constitutional rights to a jury trial and to a presumption of innocence "by means of a defective plea is itself manifest injustice, and one so deprived is entitled to have his guilty plea set aside." State v. Reese, 481 S.W.2d 497 [1–3] (Mo. banc 1972).

The present case provides an example of just such a defective plea, acceptance of which was manifestly unjust. The trial court knew of the six-month plea bargain when sentencing defendant to three years, and was thereafter apprised that defendant's plea was entered solely because of representations of defense counsel and the State's attorney. Since the trial court refused to let defendant testify at the hearing on his post-conviction motions, the record fails to show defendant understood or even heard defense counsel's alleged unelaborated statement that the court would sentence defendant "as he saw fit." By denying defendant the right to testify, the court foreclosed exploration of this critical factual issue and made it impossible for this court to determine whether defendant was

aware the trial court might not abide by the plea bargain.

■ It is true a "disappointed hope of a lesser sentence than that actually received does not render a plea of guilty involuntary when the hope was not based upon positive representations upon which defendant was entitled to rely." Mick v. State, 487 S.W.2d 452 [1, 2] (Mo.1972). It is also true that attorneys' strong opinions that a court will accept their recommendations do not make a plea involuntary when the attorneys' opinions are offered with the warning the court need not accept their recommendations. Huffman v. State, *supra* at [5]. But the keys to the above truths are (1) the absence of representations upon which a defendant may reasonably rely, and (2) the presence of warnings that the court is not bound by the plea bargain. Each defendant's claim of inducement to plead guilty must be measured "in the light of the reasonableness of the claimed belief." Barylski v. State, 473 S. W.2d 399, 401 (Mo.1971). In the present case, a young defendant with no prior arrests reasonably relied upon the constant assurances of his own attorney, the prosecutor and his uncle speaking at the prosecutor's behest. There is no indication whatever that defendant comprehended the trial court's right to disaffirm the plea bargain and reject the prosecutor's recommendation.

■ Missouri law logically does not require the trial court to tell a defendant what sentence he will impose in the event defendant pleads guilty. State v. Bursby, 395 S.W.2d 155 [4] (Mo.1965), State v. Good, 403 S.W.2d 594 [9] (Mo.1966). However, the court does have a duty to tell a defendant the court is not bound by the State's recommendation. In State v. Smith, 421 S.W.2d 501 (Mo.1967), the Supreme Court stated the trial court "could have ascertained defendant's state of mind when accepting his guilty plea" and "should have 'pointedly disabused accused and his counsel of their preconceived ideas'" with reference to the sentence anticipated. The trial court's actions in State v. Good, *supra,* exemplify the extent to which the trial court should explain his sentencing function. In that case, the trial court "thoroughly, patiently and pointedly disabused accused and his counsel of their preconceived ideas with reference to the length of term of imprisonment [defendant] hoped to receive." Good, *supra,* 403 S.W.2d at 600 [8]. Similarly, in State v. Freedman, 282 S.W.2d 576 [2, 3] (Mo. 1955), the court warned defendant it was not bound by the prosecutor's recommendations. See also Barylski v. State, *supra,* 473 S.W.2d at 401 and Morgan v. State, 478 S.W.2d 342 [1] (Mo.1972). The trial court should be certain defendant "amply and cogently" understands that the court need not sentence in accordance with the State's recommendation. Robinson v. State, 491 S.W.2d 314 [1] (Mo.1973), Peterson v. State, 444 S.W.2d 673 [6] (Mo. 1969), cert. den. 398 U.S. 931, 90 S.Ct. 1827, 26 L.Ed.2d 95 (1970).

The record before us shows the trial court's failure to warn defendant the court was not bound by any plea bargain and the court alone retained power to sentence defendant.

The cause is reversed and remanded with instructions to set aside defendant's sentence and his plea of guilty.

KELLY and STEWART, JJ., concur.