Patrick C. SCHELLERT, Appellant,

v.

STATE of Missouri, Respondent.

No. 60305.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1978.

Gary L. Gardner, Asst. Public Defender, Melvin G. Franke, Public Defender, Union, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

Appellant pleaded guilty to feloniously uttering a check for over $100.00 without sufficient funds for payment. He was sentenced to five years' imprisonment, the maximum penalty. The facts about the guilty plea and sentencing were that after several continuances, during which it was uncertain whether appellant had funds to or would employ counsel, appellant appeared on the trial date, without counsel, and informed the court he would like to change his plea. The court also was told by the prosecutor that he had told appellant that if he were to plead guilty the state would recommend probation. The court asked appellant if he understood that the recommendation "is nothing more than that" and that the court had authority to impose different punishment. Appellant responded, "Yes, sir, I'm very well aware of that."

After informing appellant of the rights waived by a plea of guilty and questioning appellant and the prosecutor as to the facts on which the charge was based, the court accepted appellant's plea of guilty and ordered a pre-sentence investigation. Approximately nine weeks later appellant appeared, again without counsel. The court announced its readiness to proceed and reminded appellant that the court was not involved in the recommendation made by the prosecutor and was free to impose whatever sentence it deemed appropriate. The court then granted allocution and imposed the five-year sentence. At no time prior to imposition of sentence did the court inform defendant the court was not going to follow the recommendation of the prosecutor, and this being the case, of course the occasion never arose whereby the appellant was given an opportunity thereafter to withdraw his plea.

In his subsequent rule 27.26 motion, appellant contended that he did not knowingly and intelligently waive his right to the

assistance of counsel and that his plea of guilty was involuntary.

The trial court denied the 27.26 motion without an evidentiary hearing and this was affirmed by the court of appeals, St. Louis district, with Dowd, J., dissenting. The majority opinion found that "the guilty plea proceeding substantially followed that recommended in Judge Donnelly's separate concurring opinion in *Flood v. State*, 476 S.W.2d 529, 535–37 (Mo.1972)", which restated former rule 11 of the Federal Rules of Criminal Procedure prior to the 1975 amendments.

■ We granted transfer to consider whether, as a matter of substantial fairness, a trial court should afford a criminal defendant the opportunity to withdraw a plea of guilty in any case in which the judge determines not to grant the sentence concessions contemplated by a plea agreement or plea bargain made between the defendant and the prosecutor. We believe that such is required and therefore reverse and remand the custody of the accused to the trial court for the entry of a new plea.[1]

It is commonly estimated that at least ninety percent of all criminal convictions are by pleas of guilty. Alschuler, The Trial Judge's Role in Plea Bargaining, Part I, 76 Colum.L.Rev. 1059, n.1 (1976); 8 J. Moore's Fed.Prac. § 11.01[4], at 11–11 (1977); see Note, Plea Bargaining and the Transformation of the Criminal Process, 90 Harv.L.Rev. 564 (1977). Each such plea "is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), to confront one's accusers, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), to present witnesses in one's defense, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), to remain silent, *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and to be convicted by proof beyond all reasonable doubt, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)." *Santobello v. New York*, 404 U.S. 257, 264, 92 S.Ct. 495, 500, 30 L.Ed.2d 427 (1971) (Douglas, J., concurring).

■ Plea bargaining, in more recent years, has been openly discussed and acknowledged to be "not only an essential part of the [criminal justice] process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned." *Santobello v. New York, supra*, 404 U.S. at 261, 92 S.Ct. at 498; see also *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978); *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621 (1977); *Brady v. United States*, 397 U.S. 742, 751–52, 90 S.Ct. 1463, 25 L.Ed.2d 747, 52 L.Ed.2d 136 (1970); American Bar Association Project on Minimum Standards for Criminal Justice [hereinafter ABA Standards], Standards Relating to Pleas of Guilty 1–3 (Approved Draft,

1. A second issue was raised on this appeal concerning whether defendant had knowingly and voluntarily waived his right to counsel at his guilty plea proceeding. Because our disposition of this case is to remand for entry of a new plea on other grounds, we need not consider the allegations concerning the waiver. The state, in its brief and on oral argument, insisted that the question concerning the guilty plea process was not before this court because it was not raised in appellant's 27.26 motion and arose only as a result of the dissenting opinion of Dowd, J., in the court of appeals, and first appeared in appellant's application for transfer here. Appellant alleged in his 27.26 motion that he believed that the prosecutor's promise of probation was binding on the court and that he was unaware that the trial court was not bound by the "deal". The transcript shows that until the very last moment the defendant was harboring the idea that while the judge was not bound by the prosecutor's recommendation, the judge had not rejected it and it still was an open possibility. When combined with appellant's allegations, this is enough to permit us, on review, to consider whether the guilty plea procedure used in this case is inherently unfair.

1968); ALI Model Code of Pre-Arraignment Procedure, § 350.3, Commentary (1975). Guilty pleas must be knowing and voluntary as a matter of fact, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Flood v. State*, 476 S.W.2d 529, 634 (Mo. banc 1972), and such must be evidenced by the record under our order of February 22, 1972, accompanying rule 25.04.

Plea bargaining has thus become accepted by the courts as "a legitimate and respectable adjunct of the administration of the criminal laws." *State v. Thomas*, 61 N.J. 314, 321, 294 A.2d 57, 61 (1972). There is "nothing unholy in honest plea bargaining between the prosecutor and defendant and his attorney in criminal cases." *Id., quoting State v. Taylor*, 49 N.J. 440, 455, 231 A.2d 212, 221 (1967).

A criminal defendant obviously makes a choice when he agrees (acting alone or through or with his attorney) in a bargain with the prosecutor to plead guilty and waive the full panoply of non-jurisdictional constitutional rights. In the instant case, the state's attorney insisted in oral argument that there are certain "risks" involved in plea bargaining, which he likened to the risk that a jury might sentence a first offender to more punishment than he would expect or hope.[2] This is an unsound argument, however, because it is the very risk of uncertainty before a jury which the defendant seeks to avoid in striking an agreement with the prosecutor. If the risk were the same, he would be foolish to waive his right to trial in exchange for the prosecutor's recommendation as to sentence or disposition. The risk is demonstrably not the same, as evidenced by the overwhelming number of plea bargains. The actions of

judges and prosecutors speak louder than words, and criminal defendants "ordinarily . . . [have] very little reason to fear that this [plea agreement] . . . [will] be disregarded by the court. *Alschuler, supra*, 76 Colum.L.Rev. at 1065.

"For a system of criminal justice strongly to encourage a defendant to believe that a certain sentence will follow the abandonment of his constitutional rights and yet to impose an entirely different sentence seems manifestly unfair," *id.* at 1069; *see* Note, Withdrawal of Pleas in Nebraska: The Rejected Plea Bargain, 56 Neb.L.Rev. 193, 202 (1977), and "a mockery of justice." Note, Plea Bargaining—Proposed Amendments to Federal Criminal Rule 11, 56 Minn.L.Rev. 718, 730 (1972). Defendants who plea bargain are clearly so encouraged. *See* ABA Standards, Pleas of Guilty, § 3.1 Commentary at 60–69 (Approved Draft, 1968). It "is not unusual for an accused to be lulled into believing that the court proceedings are a mere formality, and that everyone involved is party to the promised bargain, upon which the plea is founded." *Commonwealth v. Barrett*, 223 Pa.Super. 163, 166, 299 A.2d 30,.31 (1972).

The United States Supreme Court has ruled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1972). This court has said that a guilty plea is like "a confession" which "should never be received unless it is freely and voluntarily made. If the defendant should be . . . induced to plead guilty by . . . persuasion, or the holding out of hopes which prove to be false or

---

**2.** "Anytime you go into the criminal process, whether it involves a decision to plead guilty or to go to trial, that process is fraught with certain risks that you take. And there are no guarantees; you don't know whether the jury is going to give you ten years or twenty years. All you know is what the range of punishment is and what the possibilities and potentialities are. Now, I may agree that if the record showed here conclusively that at the time the court began the whole proceeding, it had

looked at the case and said: 'There is no way I'm going to give this man probation'—but if it allowed him to proceed with that expectation, perhaps that would be fundamentally unfair. I don't know that there are any cases that talk about it." We agree with counsel's inclination as to what would be fundamentally unfair, but see no reason why such a situation should prevail only if the trial judge rejects the bargain "at the time the court began the whole proceeding."

ill founded, he should be permitted to withdraw his plea." *State v. Hovis*, 353 Mo. 602, 183 S.W.2d 147, 148 (1944); *State v. Cochran*, 332 Mo. 742, 60 S.W.2d 1, 2 (1933); see *Brown v. State*, 485 S.W.2d 424, 429 (Mo.1972); *State v. Rose*, 440 S.W.2d 441, 443 (Mo.1969); *State v. Good*, 403 S.W.2d 594, 599 (Mo.1966); *State v. Williams*, 391 S.W.2d 227, 234–35 (Mo.1965).

In *State v. Good*, 403 S.W.2d 594 (Mo. 1966), the court praised "a judge who thoroughly, patiently and pointedly disabused accused and his counsel of their preconceived ideas with reference to the length of term of imprisonment he hoped to receive; in effect offered accused a jury trial even after pleas of guilty were entered, and positively stated that he would not assess the recommended punishment." *Id.* at 600. That effort "exemplif[ies] . . . the extent to which the trial court should explain [its] . . . sentencing function." *State v. Bonds*, 521 S.W.2d 18, 21 (Mo.App. 1975).

█ In short, plea bargaining is an essential component of the criminal justice system, satisfying many useful purposes. Properly administered it should be used and should be encouraged. But when plea discussions and agreements are made, the facts of the bargain should be disclosed in open court, and spread upon the record so that more than a ritual takes place.

"If plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either." *State v. Thomas*, 61 N.J. 314, 321, 294 A.2d 57, 61 (1972). Though the court is not bound by the plea bargain between the prosecutor and the defendant and/or his attorney, if the court does not intend to follow the prosecutor's recommendation, the defendant should have the privilege of withdrawing his plea. He should not be entrapped. *Ballard v. State*, 131 Ga.App. 847, 207 S.E.2d 246, 249 (1974).

█ The trial judge should not accept a plea of guilty without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record in open court, or on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

█ If the plea agreement contemplates the granting of sentence concessions by the trial judge, he should give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant sentence concessions. If the court rejects the plea agreement, either at the time of the plea proceedings or at the time of sentencing, the court shall, on the record, inform the parties of that fact, advise the defendant personally in open court, or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity then to withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. See *United States v. Hammerman*, 528 F.2d 326 (4th Cir. 1975); *United States v. Gallington*, 488 F.2d 637 (8th Cir. 1973), cert. denied, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974); *United States ex rel. Culbreath v. Rundle*, 466 F.2d 730 (3rd Cir. 1972); *English v. State*, 325 So.2d 211 (Ala.Crim.1975); *People v. Johnson*, 10 Cal.3d 868, 519 P.2d 604, 112 Cal.Rptr. 556 (1974); *Quintana v. Robinson*, 31 Conn.Sup. 22, 319 A.2d 515 (1973) (*but see Szarwak v. Warden*, 167 Conn. 10, 355 A.2d 49 (1974)); *Davis v. State*, 308 So.2d 27 (Fla.1975); *Ballard v. State*, 131 Ga.App. 847, 207 S.E.2d 246 (1974); *People v. Lambrechts*, 411 Ill. App.3d 729, 355 N.E.2d 53 (1976); *Watson v. State*, 300 N.E.2d 354 (Ind.1973); *State v. Fisher*, 223 N.W.2d 243 (Iowa 1974); *State v. Lloyd*, 291 Minn. 528, 190 N.W.2d 123 (1971); *State v. Wolske*, 280 Minn. 465, 160 N.W.2d 146 (1968); *State v. Farris*, 320 A.2d 642 (N.H.1974); *State v. Thomas*, 61 N.J. 314, 294 A.2d 57 (1972); *Commonwealth v. Sutherland*, 234 Pa.Super. 520, 340 A.2d 582 (1975); *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30 (1972); Fed.Rule Crim.Proc. 11(e); Illinois Supreme Court Rule 402 (1970); ABA Standards,

The Function of the Trial Judge, § 4.1 Commentary (Approved Draft, 1972); ABA Standards, Pleas of Guilty, Proposed Revisions § 2.1(a)(ii)(5) and Commentary (Approved Draft, 1968); ALI Model Code of Pre-Arraignment Procedure, §§ 350.5 and 350.6 and Commentary (1975); 8 J. Moore's Fed.Prac. §§ 11.01 et seq. (1977).

To the extent that *Brown v. State*, 485 S.W.2d 424 (Mo.1972) differs with the rule hereinbefore announced, it is no longer to be followed. With respect to the outline for conducting a guilty plea proceeding suggested in the concurring opinion in *Flood v. State*, 476 S.W.2d 529, 535 (Mo.1972), the rule herein adopted should be added thereto.

This decision is to apply to the instant case and prospectively only.

The cause is remanded and the accused is remanded to the trial court for the entry of a new plea to the state's charge.

MORGAN, C. J., BARDGETT, DONNELLY and RENDLEN, JJ., and HOUSER, Special Judge, concur.

FINCH, J., concurs in result in separate opinion filed.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.

OPINION CONCURRING IN RESULT

FINCH, Judge.

I agree that under the facts of this case movant should be given an opportunity to withdraw his plea of guilty and plead anew. However, I would not amend Rule 27.25, V.A.M.R.[1] by judicial decision without simultaneously actually amending the rule itself. To leave Rule 27.25 as it presently reads, while articulating a more expanded rule by judicial decision, will lead to confusion and mistake which is avoidable if the applicable rule is amended to spell out procedure and requirements.

What the principal opinion proposes without so stating is the adoption of the provisions of Rule 11(e)(4) of the Federal Rules of Criminal Procedure except for the reference therein to pleas of nolo contendere. Our standing Committee on Rules, chaired by Judge Cullen Coil, recommended in an earlier report that this court do precisely that.[2] The recommendation was a part of a proposed revision of all of our rules of criminal procedure. The court delayed action thereon for the purpose of determining what, if any, changes therein would be required by reason of the adoption of the new Judicial Article and the new Criminal Code. I would go ahead at this time and at least act on and adopt the proposed new rule with reference to pleas and the withdrawal of pleas of guilty.

---

1. This is our present rule governing the withdrawal of pleas of guilty.

2. The provision recommended by the committee reads as follows:

"*Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."