**Ronald Clayton VAUGHAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10797.**

Missouri Court of Appeals,
Southern District,
Division One.

March 2, 1979.

Motion for Rehearing or to Transfer
Denied March 26, 1979.

Application to Transfer Denied
May 17, 1979.

William D. Powell, Daniel, Clampett, Rittershouse, Dalton & Chaney, Springfield, for appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Ronald Clayton Vaughan appeals from a denial after evidentiary hearing, of his Rule 27.26 [1] motion to set aside a judgment and sentence for rape. The judgment was entered upon a plea of guilty and the punishment imposed was eight years' im-

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

prisonment. The relief sought by the motion was the setting aside of the conviction and the withdrawal of the plea. Accordingly the motion is "a combined motion under Rules 27.25 and 27.26." *Bonner v. State*, 535 S.W.2d 297, 298 (Mo.App.1976).

Movant's first "point relied on" is that the trial court erred in finding that the plea of guilty was voluntary. The claimed factual basis for the alleged involuntariness will be discussed.

Although the motion contained several grounds for relief, only one of the grounds, that alleging that the plea of guilty was involuntarily made, has been carried forward in movant's brief and it alone need be considered, the others having been abandoned. *Herron v. State*, 498 S.W.2d 530, 531[1] (Mo.1973). The "facts supporting" the allegation that the plea was involuntary are stated, in the motion, as follows: "Movant's pre-sentencing counsel convinced movant that the court's acceptance of the state's recommended three-year sentence under a plea bargain was a virtual certainty."

The evidence at the motion hearing showed that prior to the entry of the plea the prosecuting attorney had agreed with defense counsel that the state would recommend a punishment of three years' imprisonment. The prosecutor did make that recommendation. The trial court found, and the record supports the finding, that prior to the entry of the plea movant was fully informed of the range of possible punish-

ments and knew that the court was not bound by the prosecutor's recommendation. It is true that the state's evidence showed that defense counsel had informed movant that the court "normally would go along with the state's recommendation," but the attorney had also told movant that the prosecutor's recommendation of three years "was never a certainty, only a recommendation—that the court had the last say and the court could sentence to a larger amount of time. I never promised movant that it would definitely be three years."

Although movant and his counsel may have indulged in hopeful speculation that the judgment would be something less than the one actually imposed, there was no "specific assurance" emanating from defense counsel or from anyone else that a lesser punishment would be imposed. See *State v. Rose*, 440 S.W.2d 441, 445[5] (Mo. 1969); *Mick v. State*, 487 S.W.2d 452, 454[1, 2] (Mo.1972); *Abrams v. State*, 521 S.W.2d 177, 180[4–7] (Mo.App.1975); *Rogers v. State*, 564 S.W.2d 576, 579 (Mo.App.1978). As stated in *Abrams*, "a disappointed hope of a lesser sentence than that actually received does not render a plea involuntary." See also *McMahon v. State*, 569 S.W.2d 753, 758[4] (Mo. banc 1978).

■ At the time the instant plea was accepted,[2] the failure of the trial court to follow the recommendation of the state did not constitute "manifest injustice," where, as here, the defendant knew that the state's recommendation was not binding upon the

2. In *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) the court said, at p. 739:

"If the plea agreement contemplates the granting of sentence concessions by the trial judge, he should give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant sentence concessions. If the court rejects the plea agreement, either at the time of the plea proceedings or at the time of sentencing, the court shall, on the record, inform the parties of that fact, advise the defendant personally in open court, or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity then to withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be

less favorable to the defendant than that contemplated by the plea agreement."

In the case at bar the court, prior to accepting the plea of guilty, meticulously observed the requirements of *Flood v. State*, 476 S.W.2d 529, 535 (Mo.1972). In rejecting the prosecutor's recommendation, however, the court did not afford movant the opportunity at that time to withdraw his plea. *Schellert* is of no aid to movant because *Schellert*, at p. 740, contains this statement: "This decision is to apply to the instant case and prospectively only." Movant's plea was accepted prior to the date the opinion in *Schellert* was filed and, of course, prior to the date that opinion was published in the Southwestern Reporter. See *Durham v. State*, 571 S.W.2d 673, 676 (footnote 2) (Mo. App.1978).

court. *State v. Jackson*, 514 S.W.2d 638, 641 (Mo.App.1974). See also *Huffman v. State*, 499 S.W.2d 565, 568 (Mo.App.1973); *Brown v. State*, 485 S.W.2d 424 (Mo.1972).

Movant's first point has no merit.

Movant's second point has not been preserved for appellate review and need not be considered for the reason that it was not raised in the motion filed in the trial court and the issue was never presented to that court for determination. *Johnson v. State*, 561 S.W.2d 704, 706[5] (Mo.App.1978); *Rancher v. State*, 549 S.W.2d 146[1] (Mo.App.1977); *Parton v. State*, 545 S.W.2d 338, 341[1, 2] (Mo.App.1977); *VanDyke v. State*, 522 S.W.2d 101, 104[5] (Mo.App.1975).

The judgment is affirmed.

TITUS, J., and MOORE, KENNEDY, CAMPBELL and PYLE, Special Judges, concur.