STATE of Missouri, Respondent,

v.

Norma LOWE, Appellant.

No. 45279.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Weier, Webb & Sherby, Gordon Webb, C. Alan Schoene, Crystal City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Norma Lowe appeals from her conviction, after a jury trial, of stealing at least $150 from A.G. Cleaners in violation of § 570.-030.2, RSMo (1978). Punishment was assessed at five years imprisonment. Execution of the sentence was suspended and appellant was placed on probation.

Appellant contends in her first point that the court erred in permitting the State to call her husband as a witness. We agree and reverse and remand.

Prior to reaching the merits of appellant's contention, we address the State's argument that the appellant's point is not preserved for our review. The State argues that appellant cannot claim on appeal that her husband should not have been allowed to testify because her objection at trial was not specific and because the complaint was not contained in her motion for new trial.

When the State revealed its plan to call appellant's husband, defense counsel stated: "I believe we're getting into a privileged area here . . . . I'm going to object to her (the prosecutor) even calling the defendant's husband . . . ." This objection was sufficiently specific to apprise the court that appellant objected not only to the possible content of appellant's husband's testimony but to his being called as a witness. In her motion for new trial, appellant presented this alleged error by the trial court in general language. However, in light of her specific objection at trial we deem the point preserved for our review pursuant to Rule 29.11(d).

The State next contends that even if the appellant's complaint is preserved for review, any error in permitting the State to call appellant's husband was waived by appellant's endorsement of her husband as a witness. We disagree.

In Missouri, the privilege of a criminal defendant to prevent his or her spouse from testifying is not absolute and may be waived. See State v. Johnson, 586 S.W.2d 437, 440 (Mo.App.1979). The privilege is deemed waived when the defendant expressly consents to the calling of the spouse by the State or when such consent is implied by defendant's conduct. An example of implied consent is defendant's failure to object when the spouse is called as a witness for the State. See e.g. State v. Hill, 76 S.W.2d 1092, 1094 (Mo.1934); State v. Johnson, 586 S.W.2d at 440. A defendant may also waive the privilege by maligning the spouse whereupon the maligned spouse's testimony is allowed as proper rebuttal to defendant's castigations. See e.g. State v. Bledsoe, 325 S.W.2d 762, 766 (Mo. 1959); State v. Pendergras, 621 S.W.2d 68, 70 (Mo.App.1981). In addition, the defendant-spouse may not assert the privilege where the offense charged involves harm to the witness-spouse or her children. See e.g. State v. Brydon, 626 S.W.2d 443, 452–453 (Mo.App.1981). The defendant is also precluded to a certain extent from invoking the privilege when he calls the spouse as a witness. In the interest of justice the State may then cross-examine the witness-spouse on subjects referred to in direct examination by the defendant and may impeach her as any other witness in the case.[1] § 546.-260, RSMo (1978); State v. McClain, 531 S.W.2d 40, 43 (Mo.App.1975). None of these recognized waivers or exceptions are applicable to the instant case. The appellant did not call her spouse as a witness and she objected to the calling of her spouse by the State. Appellant did not malign her spouse nor attack his credibility nor did the offense charged involve harm to her spouse or children. Her endorsement of her husband as a witness meant nothing more than the endorsed witness *might* be called to testify. State v. McClain, 531 S.W.2d at 45.

---

1. We emphasize that the State may not, in cross-examination or impeachment of the witness-spouse, refer to confidential communication between the husband and wife unless such communications have been previously testified to. See State v. Black, 360 Mo. 261, 227 S.W.2d 1006, 1011 (1950).

Since appellant could have decided, at any time, not to call her husband as a witness, mere endorsement cannot be interpreted as a waiver of the privilege. The State's contention that the appellant waived the privilege afforded her by § 546.260, RSMo (1978) is without merit.

■ Section 546.260, RSMo (1978) does not absolutely disqualify one spouse from testifying for or against the other but rather confers a privilege personal to the defendant-spouse. *State v. Euell,* 583 S.W.2d 173, 177 (Mo.banc 1979). Once the privilege is asserted, however, it extends to spousal testimony on all matters and is not restricted to confidential marital communications. *Id.; see State v. Berry,* 622 S.W.2d 396, 397 (Mo.App.1981). Upon objection at trial the appellant had the right, absent waiver or exception, to prevent her spouse from testifying as a witness for the State. *State v. Berry,* 622 S.W.2d at 397. This was a close case [2] and we cannot say the admission of the appellant's husband's testimony was harmless without question in the face of her right to exclude it. *See State v. Degraffenreid,* 477 S.W.2d 57, 64–65 (Mo.banc 1972).

Since appellant's first point is dispositive of the appeal, we do not address her remaining contentions.

The judgment is reversed and remanded.

REINHARD and CRIST, JJ., concur.

---

**2.** The circumstantial evidence that appellant committed the theft was weak and the only direct evidence against her was the testimony of two witnesses who admitted stealing from A.G. Cleaners.