**STATE of Missouri, Respondent,**

v.

**Norma LOWE, Appellant.**

**No. 47806.**

Missouri Court of Appeals, Eastern District, Division Three.

July 17, 1984.

sent of the owner in violation of § 570.030, RSMo.Supp.1983. She was sentenced to imprisonment in the Missouri Department of Corrections for a period of two years. The court suspended execution of sentence and placed defendant on probation for a period of two years, and defendant appeals.

This is the second time this case has been before us. Initially, defendant was tried by a jury, convicted of the same crime, and sentenced to imprisonment for five years in the Department of Corrections. We reversed and remanded for a new trial because of the admission into evidence of the testimony of defendant's husband. *State v. Lowe*, 647 S.W.2d 196 (Mo.App.1983). After remand, defendant's counsel approached the assistant circuit attorney and proposed an agreement under which the case would be submitted to the court on the transcript of the previous trial, and defendant would waive her right to a new jury trial. The assistant circuit attorney agreed, and the following confirmation setting out the terms of the agreement was sent by defendant's counsel to the assistant circuit attorney, dated July 6, 1983:

> This will confirm our agreement that defendant will waive a jury and submit the case to the Court for a determination based on the transcript of the previous trial, excluding the testimony of Walter Lowe and preserving the evidentiary objections made at the previous trial. You have agreed that if the Court were to make a finding of guilt, the State would recommend to the Court that a suspended imposition of sentence be granted.
>
> If this is in accord with our agreement, would you please confirm by signing the attached copy of this letter and returning it to me.[1]

The letter was signed by Judy Raker, Assistant Circuit Attorney, and returned.

Also on July 6, 1983, defendant and both counsel appeared before the circuit judge. The court noted there had been a discus-

C. Alan Schoene, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of the class C felony of stealing property valued at one hundred fifty dollars or more without con-

---

1. In his motion to file a supplemental legal file, defense counsel admits that the letter setting out the terms of the sentencing agreement was "inadvertently not filed of record in the trial court, but was shown to the Court and referred to by the State at sentencing."

sion in chambers with both counsel and a memorandum had been submitted in open court which indicated a waiver of jury trial and submission of the case on the previous trial record, excluding certain testimony. The memorandum stated:

> Comes now defendant, Norma S. Lowe, and waives trial by jury and agrees that the case may be submitted to the Court upon the previous trial record, excluding the testimony of Walter Lowe, and preserving other evidentiary objections made at the previous trial.

The memorandum was signed by Norma S. Lowe and her attorney. Defendant stated that she signed the memorandum of her own free will, voluntarily, without any threats or promises, and she understood fully what she was doing at the time she signed it.

The waiver of jury trial was accepted, and the cause was continued until July 8, 1983, for argument on that date. The assistant prosecuting attorney's argument was based strictly on those portions of the admissible evidence that pointed to defendant's guilt. Defense counsel's argument began as follows:

> First, we have agreed, in fact suggested this procedure, on behalf of the defendant, having the court rule based on simply a prior trial transcript, not simply as an alternative to a guilty plea. The circuit attorney's office has agreed, if the court were to make a finding of guilty, to recommend a suspended imposition of sentence. I don't know if we would gain anything by going through a proceeding in this matter and perhaps putting her at a greater risk in a pending civil suit against Mrs. Lowe brought by AG Cleaners.

Defense counsel then argued the evidence, contending that it did not support a finding of guilt.

Following argument, the court took the case under advisement. On July 29, 1983, defendant and both counsel again appeared before the court to hear its finding. The court found defendant guilty of stealing without consent property valued at $150.00 or more, and assessed defendant's punishment at two years in the Missouri Department of Corrections. A pre-sentence investigation was ordered, and defendant was permitted to remain free on her existing bond.

On September 16, 1983, defendant, both counsel, and counsel for the victim, AG Cleaners, were before the court. A copy of the pre-sentence investigation report was given to each attorney of record. The court informed defendant that the Missouri Board of Probation and Parole recommended supervised probation and restitution to the victim. However, because no dollar amount of loss had been determined, the court stated that it was unable to determine an amount for restitution. Although the court and the state were willing to hear from the victim's counsel, defense counsel objected because of two pending civil suits filed by AG Cleaners against defendant. The objection was sustained.

Defense counsel then reminded the court that the state agreed to recommend suspended imposition of sentence. He went on to state:

> First, the matter before the Court is not on a plea of guilty. Normally a person requests probation, in the mercy of the Court, on a plea of guilty, expressing remorse and acknowledging commission of the offense. We have not done that here. We have brought the case before the Court on a previous record, without the extra expense and time of a jury trial. Mrs. Lowe does maintain her innocence, and it's done sincerely out of her conviction of the truth of that.

In response to the court's inquiry regarding the amount of restitution, the assistant circuit attorney stated she was aware of at least one civil suit pending against defendant in which there had been an attachment in excess of $20,000. She further stated that defendant may have stolen more than $40,000 over a period of years. She went on to state:

> She was found guilty by twelve members of our community on the charge of stealing over $150 within that one year

time period, and again, based on the transcript, the court has found the same.

The state's position is as follows. From our standpoint, a suspended imposition of sentence is no different from a suspended execution of sentence, from our standpoint, and either disposition can be pled as priors at that point, if Mrs. Lowe ever breaks the law again.

It is the court's function, as I'm sure I don't have to tell this court at all, to decide what the appropriate punishment is. We have stated by way of a letter, and again at this time, recommending that the court give her a suspended imposition of sentence and that is the end of our recommendation.

After giving defendant and counsel an opportunity to show cause why judgment and sentence should not issue, the court imposed a two year sentence and ordered that execution of the sentence be suspended. The court further granted probation for a period of two years. No condition of restitution was made.

 Defendant raises two points on appeal. We first address the contention that the trial court erred in admitting, over defendant's objection, state's exhibits 10 and 11. These exhibits consisted of charts purportedly showing AG Cleaners' weekly gross drycleaning sales during 1980, and discrepancies between receipts rung on the cash register and amounts shown on other copies of sales tickets. Defendant claims both charts were irrelevant and inadmissible hearsay. In a court-tried case, the admission of improper evidence is not grounds for reversal; the court is presumed not to have been misled by it. *State v. Roper*, 591 S.W.2d 58, 62 (Mo.App.1979). Thus, because there was sufficient additional evidence before the court to support its finding, we need not consider whether this evidence was admissible. This point is ruled against defendant.

Defendant also contends that the court erred in failing to advise defendant of her right to withdraw her waiver of a jury trial at the following two points: (1) when the state breached its agreement to recommend a suspended imposition of sentence by arguing the severity of the alleged crime and by stating that, from the state's standpoint, a suspended imposition of sentence is no different from a suspended execution; and (2) when the court rejected the agreement between the defendant and the state.

We first address the matter of the state's alleged breach of its agreement. The court, at the time of sentencing, noted that in the pre-sentence investigation report the Board of Probation and Parole recommended probation with a condition of restitution. However, the court noted the lack of information available as to the amount of money involved, and inquired of victim's counsel on this issue. Defense counsel made an objection to comments from victim's counsel, which the trial court sustained. The assistant circuit attorney's statement as to the amount stolen was an attempt to enlighten the court on this issue. Furthermore, the assistant circuit attorney's remarks that for the state's purposes there was no difference between suspended imposition and suspended execution of sentence came after the court had assessed punishment at two years in the penitentiary. The assistant circuit attorney, recognizing that the court had at least preliminarily rejected a suspended imposition of sentence, was stating that under the present law, the consequences were essentially the same for purposes of a future criminal trial.[2] A complete reading of the transcript of the second trial reveals no breach of the agreement by the state.

 As to defendant's contention that the court erred in failing to offer defendant an opportunity to withdraw her waiver of a jury trial, we first note that a court is

2. Under Missouri statutes at the time of the proceedings, a prior suspended imposition of sentence was admissible in a criminal trial as a finding of guilt for purposes of the persistent offender statute, § 558.016, RSMo.Supp.1983, and for purposes of attacking credibility under § 491.050, RSMo.Supp.1983.

never bound to abide by the state's recommendation. However, when a defendant pleads guilty in return for the state's recommendation, the court must offer the defendant the opportunity to withdraw that plea if the court rejects the agreement. *Schellert v. State,* 569 S.W.2d 735, 739 (Mo.banc 1978). Defendant argues that under *State v. Sharp,* 533 S.W.2d 601 (Mo. banc 1976), this requirement also extends to an agreement wherein defendant waives the right to a jury trial but does not plead guilty. We disagree. In *Sharp,* the parties agreed to submit the case to the court on stipulated facts. Defendant and his counsel believed this to be the equivalent of a guilty plea. Thus, they believed that if the state's agreed recommendation was rejected, defendant would be able to withdraw his "plea" and be tried by a jury. However, the court treated it as a contested case, and as such did not afford defendant the opportunity to withdraw his waiver of a jury trial. The Missouri Supreme Court reversed because defendant's waiver of a jury trial had been made under the mistaken belief that it was an uncontested case, equivalent to a guilty plea; therefore, the waiver was not knowingly and intelligently made within the requirements of *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) and *Adams v. United States,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). 533 S.W.2d at 605–06.

■ Here, on the other hand, the case was hotly contested, as evidenced by defense counsel's statements in his July 8 argument and again at the formal sentencing on September 16. Defendant was well aware when she entered into the agreement that she was not pleading guilty; thus, *Sharp* is not controlling in this case. The dispositive issue is whether defendant voluntarily waived her right to a jury trial. At the time defendant entered her waiver, the record reveals that the court was unaware of the state's agreement to recommend a suspended imposition of sentence. Rather, defendant told the court that no threats or promises had been made to her. The court properly accepted her waiver at that time. It was not until after the court

had read the previous transcript (heard the evidence) that defense counsel informed the court of the state's agreement to recommend suspended imposition of sentence. Under these circumstances, the court's failure to follow the state's recommendation did not require the court to allow withdrawal of defendant's waiver of jury trial.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.

